PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California  91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
County of Los Angeles, Sheriff Leroy Baca,
Timothy Cornell, and Sandra Figueras

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER GUZMAN and MARIA CARBAJAL,<br><br>           Plaintiffs,<br><br>    vs.<br><br>MICHAEL CHERTOFF, Secretary, Department of Homeland Security; JAMES T. HAYES, Field Office Director, U.S. Immigration and Customs Enforcement; PILAR GARCIA, Agent, U.S. Immigration and Customs Enforcement; COUNTY OF LOS ANGELES; LEROY BACA, Sheriff of the County of Los Angeles; TIMOTHY CORNELL, Captain, Los Angeles County Inmate Reception Center; SANDRA FIGUERAS, Custodial Assistant, Los Angeles County Sheriff's Department; AND DOES 1-100,<br><br>           Defendants. | Case No. CV 08-01327 GHK (SSx)<br><br>Honorable George H. King<br><br>**ANSWER TO FIRST AMENDED DEMAND FOR JURY TRIAL** |

TO THE COURT, ALL INTERESTED PARTIES AND THEIR

ATTORNEYS OF RECORD:

///

COME NOW Defendants COUNTY OF LOS ANGELES, SHERIFF LEROY BACA, TIMOTHY CORNELL, and SANDRA FIGUERAS (collectively "Defendants"), and answering the First Amended Complaint ("FAC") herein for themselves and for no other Defendants, admit, deny, and allege as follows:

1.  Answering Paragraphs 1 and 2 of the FAC, Defendants admit that jurisdiction and venue are proper.  As to the remainder of the allegations set forth in these Paragraphs, Defendants do not have sufficient information or belief to enable them to answer said Paragraphs and, on that ground, deny each and every allegation contained therein.

2.  Answering Paragraphs 10 and 42 FAC, Defendants admit that a Memorandum of Understanding ("MOU") exists between the Department of Homeland Security and the Los Angeles County Sheriff's Department ("LASD"), the terms and conditions of which are set forth therein.  Defendants further admit that Immigration and Customs Enforcement ("ICE") trained LASD personnel pursuant to the MOU.  Defendants further admit that Plaintiff Guzman was turned over to the custody of ICE.  As to the remainder of the allegations stated in these Paragraphs, Defendants do not have sufficient information or belief to enable them to answer said Paragraphs and, on that ground, deny each and every allegation contained therein.

3.  Answering Paragraph 3 of the FAC, Defendants admit that United States citizens have rights attendant to said status.  As to the remainder of the allegations stated in this Paragraph, the allegations are vague and ambiguous and, on that basis, Defendants deny generally and specifically said allegations.

4.  Answering Paragraph 11 of the FAC, Defendants admit that an MOU exists between the Department of Homeland Security and the LASD, the terms and conditions of which are set forth therein.  Defendants further admit that ICE trained LASD personnel pursuant to the MOU.  Defendants deny generally

and specifically any allegation of improper conduct on the basis of race. As to the remainder of the allegations stated in this Paragraph, Defendants do not have sufficient information or belief to enable them to answer said Paragraph and, on that ground, deny each and every allegation contained therein.

5. Answering Paragraph 12 of the FAC, Defendants admit that certain LASD records reflected that Plaintiff Guzman had told Defendants that he was a United States citizen, while other LASD records reflected that Plaintiff Guzman told Defendants that he was a Mexican citizen. Defendants deny generally and specifically that Defendants deported Plaintiff Guzman. As to the remainder of the allegations stated in this Paragraph, Defendants do not have sufficient information or belief to enable them to answer said Paragraph and, on that ground, deny each and every allegation contained therein.

6. Answering Paragraph 13 of the FAC, Defendants deny generally and specifically that they harmed Plaintiffs in any way. As to the remainder of the allegations stated in this Paragraph, Defendants do not have sufficient information or belief to enable them to answer said Paragraph and, on that ground, deny each and every allegation contained therein.

7. Answering Paragraph 14 of the FAC, Defendants admit that Plaintiff Guzman was in the custody of the LASD until he was turned over to ICE. Defendants deny generally and specifically that the LASD ever held "Peter" Guzman. Defendants admit that the LASD assisted in the eventual release from custody of Plaintiff Guzman. As to the remainder of the allegations stated in this Paragraph, Defendants do not have sufficient information or belief to enable them to answer said Paragraph and, on that ground, deny each and every allegation contained therein.

8. Answering Paragraph 16 and 17 of the FAC, Defendants admit that Michael Chertoff is the Secretary of the Department of Homeland Security and, as a result, is charged with the legal responsibility attendant to said position.

1  Defendants further admit that the Department of Homeland Security is a
2  department within the United States government.  As to the remainder of the
3  allegations stated in this Paragraph, Defendants do not have sufficient information
4  or belief to enable them to answer said Paragraph and, on that ground, deny each
5  and every allegation contained therein.

6       9.     Answering Paragraph 21, Defendants admit that the County of Los
7  Angeles is a public entity per the laws of the State of California and that the
8  LASD is a department of the County.  As to the remainder of the allegations
9  stated in this Paragraph, Defendants do not have sufficient information or belief
10 to enable them to answer said Paragraph and, on that ground, deny each and every
11 allegation contained therein.

12      10.    Answering Paragraph 22, Defendants admit that Leroy Baca is the
13 duly elected Sheriff of Los Angeles County and, as a result, is charged with the
14 legal responsibility attendant to said position.  As to the remainder of the
15 allegations stated in this Paragraph, Defendants do not have sufficient information
16 or belief to enable them to answer said Paragraph and, on that ground, deny each
17 and every allegation contained therein.

18      11.    Answering Paragraph 23, Defendants admit that Timothy Cornell is
19 a Captain of the LASD and was the unit commander of the Inmate Reception
20 Center and, as a result, was charged with the legal responsibility attendant to said
21 position.  As to the remainder of the allegations stated in this Paragraph,
22 Defendants do not have sufficient information or belief to enable them to answer
23 said Paragraph and, on that ground, deny each and every allegation contained
24 therein.

25      12.    Answering Paragraph 29 of the FAC, Defendants admit that they
26 acted pursuant to their official duties.  As to the remainder of the allegations
27 stated in this Paragraph, Defendants do not have sufficient information or belief
28 ///

to enable them to answer said Paragraph and, on that ground, deny each and every allegation contained therein.

13. Answering Paragraph 36 of the FAC, Defendants admit the allegations stated in this Paragraph and further admit that Plaintiff was arrested for a felony violation.

14. Answering Paragraph 43 of the FAC, Defendants admit that Plaintiff Guzman was interviewed by Defendant Sandra Figueras pursuant to the MOU. Defendants further admit that Defendant Figueras was a custody assistant of the LASD at the time of the interview. As to the remainder of the allegations stated in this Paragraph, Defendants do not have sufficient information or belief to enable them to answer said Paragraph and, on that ground, deny each and every allegation contained therein.

15. Answering Paragraph 90, 95, 100, 106, 114, 118, 123, 128, 133, 139, 142, 146, 150, Defendants hereby incorporate by reference their answers to Paragraphs 1 through 89 stated herein.

16. Answering Paragraph 102, Defendants lack sufficient information to respond to the allegation that Plaintiff Carbajal has cared for Plaintiff Guzman his entire life. As to the remainder of the allegations stated in this Paragraph, Defendants deny generally and specifically each and every allegation contained therein.

17. Answering Paragraphs 19, 24, 25, and 37, Defendants admit the allegations stated in said Paragraphs.

18. Answering Paragraphs 4, 27, 40, 44, 47, 55, 57, 58, 60, 80 through 82, 86 through 89, 91 through 94, 96 though 99, 101, 103 through 105, 107 through 110, 115 through 117, 119 through 122, 124 through 127, 129 through 132, 134 through 138, 140, 141, 143 through 145, 147 through 149, and 151 through 153, Defendants deny generally and specifically each and every allegation contained therein.

Guzman/Answer to FAC

19. Answering Paragraphs 5 through 9, 15, 18 through 20, 26 through 28, 30 through 35, 37 through 41, 45, 46, 48, 49 though 54, 56, 59, 61 through 79, and 83 through 85, Defendants do not have sufficient information or belief to enable them to answer said Paragraphs and, on that ground, deny each and every allegation contained therein.

**FIRST AFFIRMATIVE DEFENSE**

20. Plaintiffs' FAC fails to state a cause of action against these Defendants.

**SECOND AFFIRMATIVE DEFENSE**

21. The individual Defendants, if any, are entitled to qualified immunity.

**THIRD AFFIRMATIVE DEFENSE**

22. Plaintiffs' FAC fails to state a cause of action against these public entity Defendants for, pursuant to Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental policy or custom.

**FOURTH AFFIRMATIVE DEFENSE**

23. Defendants are immune from liability under the Eleventh Amendment to the Constitution of the United States.

**FIFTH AFFIRMATIVE DEFENSE**

24. Plaintiffs are not entitled to injunctive or declaratory relief since the remedies at law are adequate.

**SIXTH AFFIRMATIVE DEFENSE**

25. Plaintiffs are not entitled to the injunctive relief sought since the relief sought is contrary to public policy.

**SEVENTH AFFIRMATIVE DEFENSE**

26. Plaintiffs lack standing to assert the claims in their FAC.

///

6

Guzman/Answer to FAC

## EIGHTH AFFIRMATIVE DEFENSE

27. Neither a public entity nor a public employee is liable for any injury caused by the institution or prosecution of any judicial proceedings within the scope of the public employee's employment.

## NINTH AFFIRMATIVE DEFENSE

28. Neither a public entity nor a public employee acting within the scope of his employment is liable for any injury caused by a public employee's misrepresentation, whether the misrepresentation be negligent or intentional.

## TENTH AFFIRMATIVE DEFENSE

29. Neither a public entity nor a public employee is liable for any injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him.

## ELEVENTH AFFIRMATIVE DEFENSE

30. Neither a public entity nor a public employee is liable for any injury caused by the adoption or failure to adopt an enactment or by the failure to enforce an enactment.

## TWELFTH AFFIRMATIVE DEFENSE

31. Any injury to Plaintiffs was due to and caused by the negligence and/or omissions of Plaintiffs to care for themselves, which carelessness and/or negligence and/or omissions were the proximate cause of the damage, if any, to Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

32. Neither a public entity nor a public employee is liable for his act or omission, exercising due care, in the execution or enforcement of any law.

## FOURTEENTH AFFIRMATIVE DEFENSE

33. Neither a public employee nor a public entity is liable for any injury caused by the act or omission of another person.

///

**FIFTEENTH AFFIRMATIVE DEFENSE**

34. Plaintiffs' claims for relief and request for attorneys' fees is limited, in whole or in part, by the Prison Litigation Reform Act.

**SIXTEENTH AFFIRMATIVE DEFENSE**

35. To the extent that Plaintiffs suffered any detriment, such detriment was caused or contributed to by Plaintiffs' negligence and damage, if any, should be reduced in direct proportion to their fault.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

36. The injuries and damages alleged by Plaintiffs, if any, were proximately caused by the negligence, conduct and liability of other persons or entities, and these answering Defendants request that an allocation of such negligence, conduct and liability be made among such other persons or entities, and that, if any liability is found on the part of these Defendants, judgment against these Defendants be only in an amount which is proportionate to the extent and percentage by which these answering Defendants' acts or omissions contributed to Plaintiffs' injuries or damages, if at all.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

37. The negligence of a third-party or parties was a superseding, intervening cause of Plaintiffs' injuries.

**NINETEENTH AFFIRMATIVE DEFENSE**

38. Plaintiffs failed to mitigate their damages.

**TWENTIETH AFFIRMATIVE DEFENSE**

39. Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrine of unclean hands.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

40. Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrine of laches.

///

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

41. Plaintiffs' FAC fails to state a cause of action against these Defendants for punitive damages in that punitive damages violates these Defendants' due process of law rights.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

42. Plaintiffs' claims and requests for relief are barred, in whole or in part, by waiver.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

43. Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrine of estoppel.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

44. Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrine of judicial estoppel.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

45. Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrine of assumption of risk.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

46. Plaintiffs' claims and requests for relief are barred, in whole or in part, by consent.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

47. The individual Defendants, if any, are entitled to quasi-judicial immunity.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

48. Plaintiffs' claims and requests for relief are barred, in whole or in part, because Plaintiffs failed to comply with the requirements of the California Tort Claims Act.

///

///

### THIRTIETH AFFIRMATIVE DEFENSE

49. Plaintiffs' claims and requests for relief are barred, in whole or in part, because Plaintiffs failed to comply with the requirements of the Federal Tort Claims Act.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

50. Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrine of sovereign immunity.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

51. Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrine of sovereign immunity.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

52. Plaintiffs' claims and requests for relief are barred, in whole or in part, by the principles set forth in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

53. The County Sheriff and his subordinates act on behalf of the State, not the County, where engaged in law enforcement activities, consequently, any policies, practices or customs alleged in the FAC are not those of the County.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

54. These Defendants are immune from liability pursuant to Government Code § 845.2, which provides immunity from liability for failure to provide sufficient jail equipment, personnel or facilities.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

55. Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

56. These Defendants are immune from liability pursuant to Government Code § 844.6 which provides immunity from liability for an injury proximately caused by any prisoner or to any prisoner.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

58.  Plaintiffs' claims are without merit because the alleged conduct by these answering Defendants was taken pursuant to the Memorandum of Understanding between the Department of Homeland Security and the Los Angeles County Sheriff's Department.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

59.  Defendants are immune from liability based on the immunities that apply to the United States of America, its agents, and employees, or any of them.

**FORTIETH AFFIRMATIVE DEFENSE**

60.  These answering Defendants hereby incorporate by reference the affirmative defenses asserted by the Federal Defendants in their Answer to Plaintiffs' First Amended Complaint.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

57.  These Defendants are immune from liability pursuant to Government Code § 820.8 which provides that a public employee is not liable for an injury caused by the act or omission of another person.

WHEREFORE, Defendants pray that Plaintiffs take nothing by the way of their FAC and that these answering Defendants herein recover their costs and such other and further relief as the Court may deem just and proper.

///
///
///
///
///
///
///
///

## DEMAND FOR JURY TRIAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants COUNTY OF LOS ANGELES, SHERIFF LEROY BACA, TIMOTHY CORNELL, and SANDRA FIGUERAS demand a trial by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 3.4.10.1.

Dated: August 4, 2008                    LAWRENCE BEACH ALLEN & CHOI, PC


By _____
     Justin W. Clark
     Attorneys for Defendants
     County of Los Angeles,
     Sheriff Leroy D. Baca, Timothy
     Cornell, and Sandra Figueras

Guzman/Answer to FAC