THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
KATHERINE M. HIKIDA (State Bar # 153268)
Assistant United States Attorney
DEBORAH E. YIM (State Bar # 217400)
Assistant United States Attorney
    300 North Los Angeles Street
    Federal Building, Room 7516
    Los Angeles, California 90012
    Telephone:  (213) 894-2285
    Facsimile:  (213) 894-7819
    E-mail: katherine.hikida@usdoj.gov

Attorneys for Federal Defendants
UNITED STATES OF AMERICA,
MICHAEL CHERTOFF, JAMES T. HAYES,
and PILAR GARCIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PETER GUZMAN AND MARIA CARBAJAL<br><br>          Plaintiffs,<br><br>     v.<br><br>UNITED STATES OF AMERICA;<br>MICHAEL CHERTOFF, Secretary,<br>Department of Homeland Security;<br>JAMES T. HAYES, Field Office<br>Director, U.S. Immigration and<br>Customs Enforcement; PILAR<br>GARCIA, Agent, U.S. Immigration<br>and Customs Enforcement;<br>COUNTY OF LOS ANGELES; LEROY<br>BACA, Sheriff of the County of<br>Los Angeles; TIMOTHY CORNELL,<br>Captain of Los Angeles County<br>Inmate Reception Center; SANDRA<br>FIGUERAS, Custodial Assistant,<br>Los Angeles County Sheriff's<br>Department; DOE ICE AGENTS 1-10;<br>and DOE LASD OFFICERS 1-10,<br><br>          Defendants. | No. CV 08-1327-GHK(SSx)<br><br>**ANSWER OF UNITED STATES OF AMERICA TO FIRST AMENDED COMPLAINT** |

1    Defendant United States of America (the "USA") answers the

2  First Amended Complaint ("FAC") of Plaintiffs Peter Guzman

3  ("Guzman") and Maria Carbajal ("Carbajal") (collectively,

4  "Plaintiffs") as follows:

5    1.   Paragraph 1 consists of legal conclusions regarding

6  jurisdictional basis, and as such, no response is required.  To

7  the extent a response is required, however, the USA lacks

8  sufficient information or belief upon which to admit or deny the

9  allegations of this paragraph, and based thereon, generally and

10 specifically denies them.

11    2.   Paragraph 2 consists of legal conclusions regarding

12 venue, and as such, no response is required.  To the extent a

13 response is required, however, the USA lacks sufficient

14 information or belief upon which to admit or deny the allegations

15 of this paragraph, and based thereon, generally and specifically

16 denies them.

17    3.   Answering paragraph 3 of the FAC, the USA admits only

18 that the government does not have the authority to knowingly

19 deport a United States citizen.  The USA lacks sufficient

20 information or belief upon which to admit or deny the remaining

21 allegations herein, and based thereon, generally and specifically

22 denies them.

23    4.   Answering paragraph 4 of the FAC, the USA denies,

24 generally and specifically, the allegations herein.

25    5.   Answering paragraph 5 of the FAC, the USA lacks

26 sufficient information or belief upon which to admit or deny the

27 allegations herein, and based thereon, generally and specifically

28 denies them.

6.   Answering paragraph 6 of the FAC, the USA admits only that Guzman was put on a bus by Immigration and Customs Enforcement ("ICE") agents and that Guzman subsequently disembarked the bus.  The USA denies that Guzman was forced to disembark and that he did so in Tijuana, Mexico.  The USA lacks sufficient information or belief upon which to admit or deny the remaining allegations herein, and based thereon, generally and specifically denies them.

7.   Answering paragraph 7 of the FAC, the USA denies that Guzman was unlawfully deported.  The USA lacks sufficient information or belief upon which to admit or deny the remaining allegations herein, and based thereon, generally and specifically denies them.

8.   Answering paragraph 8 of the FAC, the USA denies that Guzman was unlawfully deported.  The USA lacks sufficient information or belief upon which to admit or deny the remaining allegations herein, and based thereon, generally and specifically denies them.

9.   Answering paragraph 9 of the FAC, the USA denies that Guzman was unlawfully deported.  The USA lacks sufficient information or belief upon which to admit or deny the remaining allegations herein, and based thereon, generally and specifically denies them.

10.  Answering paragraph 10 of the FAC, the USA admits only that the Department of Homeland Security and the Los Angeles County Board of Supervisors entered into a January 25, 2005 Memorandum of Understanding ("MOU"), allowing Los Angeles County Sheriff's Department ("LASD") personnel – described as "custody

1

assistants" - to engage in certain federal immigration enforcement duties.  Except as otherwise admitted, the USA denies, generally and specifically, the remaining allegations herein.

11.  Answering paragraph 11 of the FAC, the USA denies, generally and specifically, the allegations herein.

12.  Answering paragraph 12 of the FAC, the USA admits only that LASD booking records reflected a self-reported birthplace of California and listed a number in the entry for the arrestee's drivers license number.  The USA denies, however, that ICE illegally deported Guzman; that the medical records at issue show Guzman was not capable of exercising a voluntary, knowing and intelligent waiver of his rights; and that ICE ignored records and/or did not undertake reasonable and diligent efforts to review them and appreciate their meaning.  The USA denies that it illegally deported Guzman.  The USA lacks sufficient information or belief upon which to admit or deny the remaining allegations herein, and based thereon, generally and specifically denies them.

13.  Answering paragraph 13 of the FAC, the USA denies, generally and specifically, the allegations herein.

14.  Answering paragraph 14 of the FAC, the USA admits only that Guzman entered Mexico in May 2007 and that he was detained by the U.S. Border Patrol at the border near Calexico on August 5, 2007.  The USA denies that it illegally deported Guzman.  The USA lacks sufficient information or belief upon which to admit or deny the remaining allegations herein, and based thereon, generally and specifically denies them.

15.   Answering paragraph 15 of the FAC, the USA admits that Carbajal is a lawful permanent resident alien.   The USA lacks sufficient information or belief upon which to admit or deny the remaining allegations herein, and based thereon, generally and specifically denies them.

16.   Answering paragraph 16 of the FAC, the USA denies that it violated any provision of the Federal Tort Claims Act and that it is "implicated" for any alleged wrongdoing with regard to this case.

17.   Answering paragraph 17 of the FAC, the USA admits that Defendant Michael Chertoff ("Defendant Chertoff") maintains responsibility for the administration and enforcement of the nation's immigration and naturalization laws pursuant to sections 102 and 402 of the Homeland Security Act of 2002, 6 U.S.C. §§ 112 and 202, respectively, and section 102 of the Immigration and Nationality Act, 8 U.S.C. § 1103 (charging the Secretary of DHS with "administration and enforcement of ... laws relating to the immigration and naturalization of aliens.") The USA lacks sufficient information or belief upon which to admit or deny the remaining allegations herein, and based thereon, generally and specifically denies them.

18.   Answering paragraph 18 of the FAC, the USA admits that, during the relevant time herein, Defendant James T. Hayes ("Defendant Hayes") was the Field Office Director for the Los Angeles District of ICE, and in that capacity, he oversaw an office responsible for the detention and removal of aliens within the district.   The USA further admits that Defendant Hayes was promoted to Acting Director of ICE's Office of Detention and

1    Removal.  The USA lacks sufficient information or belief upon
2    which to admit or deny the remaining allegations herein, and
3    based thereon, generally and specifically denies them.

4        19.  Answering paragraph 19 of the FAC, the USA admits that,
5    Defendant Pilar Garcia ("Defendant Garcia") is, and at all
6    relevant times herein, was an Immigration Enforcement Agent with
7    ICE.  The USA lacks sufficient information or belief upon which
8    to admit or deny the remaining allegations herein, and based
9    thereon, generally and specifically denies them.

10       20.  There are no factual allegations in Paragraph 20
11   requiring a response by the USA.

12       21.  Answering paragraphs 21 to 25 of the FAC, the USA lacks
13   sufficient information or belief upon which to admit or deny the
14   allegations herein, and based thereon, generally and specifically
15   denies them.

16       22.  There are no factual allegations in paragraphs 26 and
17   27 requiring a response by the USA.

18       23.  Answering paragraphs 28 to 30 of the FAC, the USA
19   denies, generally and specifically, the allegations herein.

20       24.  Answering paragraph 31 of the FAC, the USA lacks
21   sufficient information or belief upon which to admit or deny the
22   allegations herein, and based thereon, generally and specifically
23   denies them.

24       25.  Answering paragraphs 32 to 35 of the FAC, the USA lacks
25   sufficient information or belief upon which to admit or deny the
26   allegations herein, and based thereon, generally and specifically
27   denies them.

28       26.  Answering paragraph 36 of the FAC, the USA admits the

4

allegations of this paragraph.

27. Answering paragraphs 37 to 41 of the FAC, the USA lacks sufficient information or belief upon which to admit or deny the allegations herein, and based thereon, generally and specifically denies them.

28. Answering paragraphs 42 and 43 of the FAC, the USA admits the allegations of this paragraph.

29. Answering paragraph 44 of the FAC, the USA denies, generally and specifically, the allegations of this paragraph.

30. Answering paragraph 45 of the FAC, the USA admits only that LASD records reflected a self-reported birth place of California and listed a number in the entry for the arrestee's drivers license number. The USA specifically denies that no reasonable basis existed to suspect or otherwise conclude that Guzman was not a United States citizen.  The USA lacks sufficient information or belief upon which to admit or deny the remaining allegations herein, and based thereon, generally and specifically denies them.

31. Answering paragraph 46 of the FAC, the USA lacks sufficient information or belief upon which to admit or deny the allegations herein, and based thereon, generally and specifically denies them.

32. Answering paragraph 47 of the FAC, the USA denies, generally and specifically, the allegations herein.

33. Answering paragraphs 48 to 50 of the FAC, the USA admits the allegations herein.

34. Answering paragraph 51 of the FAC, the USA lacks sufficient information or belief upon which to admit or deny the

5

allegations herein, and based thereon, generally and specifically denies them.

35.  Answering paragraph 52 of the FAC, the USA admits that Guzman signed the form at issue.  The USA further admits that form was written entirely in Spanish and that it purportedly waived Guzman's legal rights to a removal deportation hearing and stated he was a citizen of Mexico and that he agreed to be voluntarily deported to Mexico.  Except as otherwise admitted, the USA denies, generally and specifically, the remaining allegations herein.

36.  Answering paragraphs 53 and 54 of the FAC, the USA lacks sufficient information or belief upon which to admit or deny the allegations herein, and based thereon, generally and specifically denies them.

37.  Answering paragraph 55 of the FAC, the USA admits that LASD records at issue listed a number in the entry for the arrestee's drivers license number.  Except as otherwise admitted, the USA denies, generally and specifically, the remaining allegations herein.

38.  Answering paragraphs 56 to 60 of the FAC, the USA denies, generally and specifically, the allegations herein.

39.  Answering paragraph 61 of the FAC, the USA admits only that Guzman was placed on a bus on May 11, 2007.  Except as otherwise admitted, the USA denies, generally and specifically, the remaining allegations herein.

40.  Answering paragraphs 62 to 79 of the FAC, the USA lacks sufficient information or belief upon which to admit or deny the allegations herein, and based thereon, generally and specifically

6

1   denies them.

2       41.   Answering paragraphs 80 and 81 of the FAC, the USA
3   denies, generally and specifically, the allegations herein.

4       43.   Answering paragraph 82 of the FAC, the USA lacks
5   sufficient information or belief upon which to admit or deny the
6   allegations herein, and based thereon, generally and specifically
7   denies them.

8       44.   Answering paragraph 83 of the FAC, the USA admits that
9   Guzman attempted to enter the United States near Calexico and was
10  detained by border guards at the border in August 2007.  The USA
11  lacks sufficient information or belief upon which to admit or
12  deny the remaining allegations herein, and based thereon,
13  generally and specifically denies them.

14      45.   Answering paragraphs 84 and 85 of the FAC, the USA
15  lacks sufficient information or belief upon which to admit or
16  deny the allegations herein, and based thereon, generally and
17  specifically denies them.

18      46.   Answering paragraph 86 of the FAC, the USA specifically
19  denies that Guzman was illegally deported and his alleged damages
20  were a direct and foreseeable consequence of such deportation.
21  The USA lacks sufficient information or belief upon which to
22  admit or deny the remaining allegations herein, and based
23  thereon, generally and specifically denies them.

24      47.   Answering paragraph 87 of the FAC, the USA specifically
25  denies that Guzman was illegally deported and his alleged damages
26  were a direct and foreseeable consequence of such deportation.
27  The USA lacks sufficient information or belief upon which to
28  admit or deny the remaining allegations herein, and based

                                7

thereon, generally and specifically denies them.

48.    Answering paragraph 88 of the FAC, the USA lacks sufficient information or belief upon which to admit or deny the allegations herein, and based thereon, generally and specifically denies them.

49.    Answering paragraph 89 of the FAC, the USA denies, generally and specifically, the allegations herein.

50.    Answering paragraph 90 of the FAC, the USA incorporates, by reference, its responses to paragraphs 1 through 89 of the FAC, as if fully set forth herein.

51.    Answering paragraphs 91 to 94 of the FAC, the USA denies, generally and specifically, the allegations herein.

52.    Answering paragraph 95 of the FAC, the USA incorporates, by reference, its responses to paragraphs 1 through 89 of the FAC, as if fully set forth herein.

53.    Answering paragraphs 96 to 99 of the FAC, the USA denies, generally and specifically, the allegations herein.

54.    Answering paragraph 100 of the FAC, the USA incorporates, by reference, its responses to paragraphs 1 through 89 of the FAC, as if fully set forth herein.

55.    Answering paragraph 101 of the FAC, the USA denies, generally and specifically, the allegations herein.

56.    Answering paragraph 102 of the FAC, the USA specifically denies that the ICE Defendants committed any reckless, intentional, and deliberate acts and omissions with regard to Guzman and Carbajal.  The USA lacks sufficient information or belief upon which to admit or deny the remaining allegations herein, and based thereon, generally and specifically

denies them.

57.   Answering paragraphs 103 to 105 of the FAC, the USA denies, generally and specifically, the allegations herein.

58.   Answering paragraph 106 of the FAC, the USA incorporates, by reference, its responses to paragraphs 1 through 89 of the FAC, as if fully set forth herein.

59.   Answering paragraphs 107 to 110 of the FAC, the USA denies, generally and specifically, the allegations herein.

60.   Answering paragraph 111 of the FAC, the USA incorporates, by reference, its responses to paragraphs 1 through 89 of the FAC, as if fully set forth herein.

61.   Answering paragraph 112 of the FAC, the USA admits only that it obtained custody of Guzman from LASD.  Except as otherwise admitted, the USA denies, generally and specifically, the remaining allegations herein.

62.   Answering paragraph 113 of the FAC, the USA denies, generally and specifically, the allegations herein.

63.   Answering paragraph 114 of the FAC, the USA incorporates, by reference, its responses to paragraphs 1 through 89 of the FAC, as if fully set forth herein.

64.   Answering paragraphs 115 to 121 of the FAC, the USA denies, generally and specifically, the allegations herein.

65.   Answering paragraph 122 of the FAC, the USA specifically denies that Plaintiffs are entitled to any damages as a result of it or the ICE Defendants' actions.  The USA lacks sufficient information or belief upon which to admit or deny the remaining allegations herein, and based thereon, generally and specifically denies them.

9

1    66.   The Eighth, Ninth, Tenth, Eleventh, Twelfth, and

2   Thirteenth Claims for Relief have only been asserted

3   against the LASD Defendants and the Doe LASD Defendants.  As

4   such, no response to paragraphs 123 to 149 is required.  To the

5   extent a response is required, however, the USA, generally and

6   specifically, denies the allegations herein.

7    67.   Answering paragraph 150 of the FAC, the USA

8   incorporates, by reference, its responses to paragraphs 1 through

9   89 of the FAC, as if fully set forth herein.

10    68.   Answering paragraphs 150 to 153 of the FAC, the USA

11   denies, generally and specifically, the allegations herein.

12                      First Affirmative Defense

13    69.   The FAC fails to state a claim upon which relief can be

14   granted.

15                     Second Affirmative Defense

16    70.   The FAC is barred by the doctrine of qualified

17   immunity, as to ICE Defendants Chertoff and Hayes.

18                      Third Affirmative Defense

19    71.   Neither the USA nor its employees owed, let alone

20   breached, any duty to Plaintiffs.

21                      Third Affirmative Defense

22    72.   To the extent Plaintiffs were injured, neither the USA

23   nor its employees were the actual or proximate cause of those

24   injuries.

25                     Fourth Affirmative Defense

26    73.   Any conduct undertaken by the USA was justified.

27

28

                                  10

Fifth Affirmative Defense

74.   The acts or omissions alleged in the FAC were justified.

Sixth Affirmative Defense

75.   If Plaintiffs sustained or suffered any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the conduct, acts, omissions, activities, carelessness, recklessness, negligence and/or intentional misconduct of Plaintiffs and/or others, and not by the USA.

Seventh Affirmative Defense

76.   Plaintiffs have failed, in whole or in part, to mitigate their alleged damages.

Eighth Affirmative Defense

77.   Under the Federal Tort Claims Act, Plaintiffs' recovery is limited to the amount sought administratively and may not include an additional award of attorney's fees.

Ninth Affirmative Defense

78.   As any injury, damages and/or loss allegedly suffered by Plaintiffs were caused by their own negligence, Plaintiffs' damages should be reduced by said percentage of fault.

Tenth Affirmative Defense

79.   Should Plaintiffs prevail against the USA, the USA's liability is several and limited to its own actionable segment of fault, if any.

The USA has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  The USA therefore

11

1    reserves the right to assert additional affirmative defenses in
2    the event discovery indicates that they may be appropriate.

3

4        WHEREFORE, the USA prays for judgment against Plaintiffs, as
5    follows:

6        1.   That Plaintiffs' FAC and each cause of action contained
7    therein be dismissed with prejudice.

8        2.   That Plaintiffs take nothing by their FAC;

9        3.   That the USA be awarded costs incurred herein; and

10       4.   That the Court order such other and further relief for
11   the USA as the Court may deem just and proper.

12

13   DATED: September __28_, 2008.

14                              THOMAS P. O'BRIEN
                                United States Attorney
15                              LEON W. WEIDMAN
                                Assistant United States Attorney
16                              Chief, Civil Division

17
                                _____/s/_____
18                              KATHERINE M. HIKIDA
                                DEBORAH E. YIM
19                              Assistant United States Attorneys

20                              Attorneys for Federal Defendants
                                UNITED STATES OF AMERICA,
21                              MICHAEL CHERTOFF, JAMES T. HAYES, and
                                PILAR GARCIA
22

23

24

25

26

27

28

                                    12