THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
KATHERINE M. HIKIDA (State Bar # 153268)
Assistant United States Attorney
DEBORAH E. YIM (State Bar # 217400)
Assistant United States Attorney
    300 North Los Angeles Street
    Federal Building, Room 7516
    Los Angeles, California 90012
    Telephone:  (213) 894-2285
    Facsimile:  (213) 894-7819
    E-mail: katherine.hikida@usdoj.gov
    E-mail: deborah.yim@usdoj.gov

Attorneys for Federal Defendants
UNITED STATES OF AMERICA,
MICHAEL CHERTOFF, JAMES T. HAYES,
and PILAR GARCIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PETER GUZMAN AND MARIA CARBAJAL<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>MICHAEL CHERTOFF, Secretary,<br>Department of Homeland Security;<br>JAMES T. HAYES, Field Office<br>Director, U.S. Immigration and<br>Customs Enforcement; PILAR<br>GARCIA, Agent, U.S. Immigration<br>and Customs Enforcement;<br>COUNTY OF LOS ANGELES; LEROY<br>BACA, Sheriff of the County of<br>Los Angeles; TIMOTHY CORNELL,<br>Captain of Los Angeles County<br>Inmate Reception Center; SANDRA<br>FIGUERAS, Custodial Assistant,<br>Los Angeles County Sheriff's<br>Department; DOE ICE AGENTS 1-10;<br>and DOE LASD OFFICERS 1-10,<br><br>Defendants. | No. CV 08-1327-GHK(SSx)<br><br>**NOTICE OF MOTION AND<br>MOTION TO DISMISS;<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES**<br><br>DATE: October 20, 2008<br>TIME:  9:30 a.m.<br><br>Before the Honorable<br>George H. King |

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION TO DISMISS . . . . . . . . . . . . . i

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . 1

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . 1

II.  MATERIAL ALLEGATIONS OF THE FAC . . . . . . . . . . . . . 2

         A.   Mr. Guzman Was Arrested for Two Misdemeanor
              Violations . . . . . . . . . . . . . . . . . . . 2

         B.   Defendant Pilar Garcia Interviewed Mr. Guzman
              After LASD Transferred Him to ICE Custody . . . 3

         C.   Defendant James T. Hayes Was Not Involved in
              Mr. Guzman's Removal from the United States . . 3

III. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE
     FOURTEENTH CLAIM FOR DECLARATORY RELIEF, AS THERE IS
     NO "CASE OR CONTROVERSY" AT ISSUE . . . . . . . . . . 4

IV.  THE FOURTH CLAIM FOR RELIEF FOR VIOLATION OF THE
     FOURTH AMENDMENT IS WITHOUT MERIT AS ICE DID NOT
     "SEIZE" MR. GUZMAN . . . . . . . . . . . . . . . . . 7

V.   PLAINTIFFS FAILS TO ALLEGE ANY FACTS SUFFICIENT TO
     STATE A CLAIM AGAINST DEFENDANT CHERTOFF . . . . . 10

VI.  PLAINTIFFS FAIL TO ALLEGE ANY FACTS SUFFICIENT TO
     STATE A CLAIM AGAINST DEFENDANT HAYES . . . . . . . 11

         A.   Plaintiffs Failed to Allege Facts Sufficient to
              Show That Defendant Hayes Personally Engaged in a
              Violation of Their Civil Rights . . . . . . . 11

         B.   Defendant Hayes is Entitled to Qualified Immunity
              For the Constitutional Claims Alleged . . . . 13

VII. CONCLUSION . . . . . . . . . . . . . . . . . . . . . 16

i

# TABLE OF AUTHORITIES

Act Up!/Portland v. Bagley,
    988 F.2d 868, 871 (9th Cir. 1993)  . . . . . . . . . . .  13

Alfrey v. U.S.,
    276 F.3d 557, 567 (9th Cir. 2002)  . . . . . . . . . . .  15

Arias v. U.S. Immigration & Customs Enforcement,
    2008 U.S. Dist. Lexis 34072, at *36-38 (D. Minn. 2008) . . 6

Bibeau v. Pacific Northwest Research Foundation,
    188 F.3d 1105, 1114 (9th Cir. 1999)  . . . . . . . . . 11,12

Branch v. Tunnell,
    937 F.2d 1382, 1386 (9th Cir. 1991)  . . . . . . . . . .  15

Brosseau v. Haugen,
    125 S.Ct 596, 599 (2004) . . . . . . . . . . . . . . .  14

Camara v. Muni. Ct.,
    387 U.S. 523, 528 (1967) . . . . . . . . . . . . . . . . 7

Cato v. U.S.,
    70 F.3d 1103, 1111 (9th Cir. 1995) . . . . . . . . . . .  10

Chuman v. Wright,
    76 F.3d 292, 294 (9th Cir. 1996) . . . . . . . . . . . 11,12

City of Los Angeles v. Lyons,
    461 U.S. 95, 97-98 (1983)  . . . . . . . . . . . . . . . 4

Clement v. Gomez,
    298 F.3d 898, 903 (9th Cir. 2002)  . . . . . . . . . . .  15

Crawford-El v. Britton,
    523 U.S. 574, 587-589 (1998) . . . . . . . . . . . . . .  15

Daly-Murphy v. Winston,
    837 F.2d 348, 355 (9th Cir. 1987)  . . . . . . . . . . .  10

Davis v. Scherer,
    468 U.S. 183, 196 (1984) . . . . . . . . . . . . . . .  14

Drummond ex rel. Drummond v. City of Anaheim,
    343 F.3d 1052, 1056 (9th Cir. 2003)  . . . . . . . . . .  13

Estate of Ford v. Ramirez-Palmer,
    301 F.3d 1043, 1050 (9th Cir. 2002)  . . . . . . . . . .  14

FDIC v. Meyer,
    510 U.S. 471, 485 (1994) . . . . . . . . . . . . . . .  10

Florida v. Bostick,
    501 U.S. 429, 434 (1991) . . . . . . . . . . . . . . . . 9

Harris v. Roderick,
    126 F.3d 1189, 1195 (9th Cir. 1997)  . . . . . . . . . .  15

Hope v. Pelzer,
    536 U.S. 730, 739 (2002) . . . . . . . . . . . . . . . .  14

Hunter v. Bryant,
    502 U.S. 224, 229 (1991) (per curiam)  . . . . . . . .  14

Hydrick v. Hunter,
    500 F.3d 978, 988 (9th Cir. 2007)  . . . . . . . . . .  11

INS v. Delgado,
    466 U.S. 210, 212 (1984) . . . . . . . . . . . . . . . . 9

Ivey v. Board of Regents,
    673 F.2d 266, 268 (9th Cir. 1982)  . . . . . . . . . .  12

Jeffers v. Gomez,
    267 F.3d 895, 911 (9th Cir. 2001)  . . . . . . . . . .  15

Johnson v. County of Los Angeles,
    340 F.3d 787, 791-792 (9th Cir. 2003)  . . . . . . . .  13

Laville,
    480 F.3d at 195-96 . . . . . . . . . . . . . . . . . . . 8

MacKinney v. Nielsen,
    69 F.3d 1002, 1008 (9th Cir. 1995) . . . . . . . . . .  12

Malley v. Briggs,
    475 U.S. 335, 343 (1986) . . . . . . . . . . . . . . .  14

Mancha v. Immigration & Customs Enforcement,
    2007 WL 4287766, at *1 (N.D. Ga. 2007) . . . . . . . . . 6

Mass. v. Mellon,
    262 U.S. 447, 488 (1923) . . . . . . . . . . . . . . . . 4

Muehler v. Mena,
    544 U.S. 93, 100-101 (2005)  . . . . . . . . . . . . . 7,9

O'Shea v. Littleton,
    414 U.S. 488, 494 (1974) . . . . . . . . . . . . . . . . 4

Redman v. County of San Diego,
    942 F.2d 1435, 1446-47 (9th Cir. 1991) (en banc) . . . .  12

Saucier v. Katz,
    533 U.S. 194 (2001)  . . . . . . . . . . . . . . . . . 13,14

Taylor v. List,
    880 F.2d 1040, 1045 (9th Cir. 1989)  . . . . . . . . .  12

Terrell v. Brewer,
    935 F.2d 1015, 1018 (9th Cir. 1991)  . . . . . . . . .  11

iii

Trotter v. Watkins,
     869 F.2d 1312, 1315 (9th Cir. 1989)  . . . . . . . . . .  13

U.S. v. Laville,
     480 F.3d 187, 195-96 (3d Cir. 2007)  . . . . . . . . . . . 7

U.S. v. Mitchell,
     445 U.S. 535, 538 (1980) . . . . . . . . . . . . . . .  10

Vaccaro v. Dobre,
     81 F.3d 854, 857 (9th Cir. 1996)  . . . . . . . . . . .  10

iv

## NOTICE OF MOTION AND MOTION TO DISMISS

TO THE COURT AND PLAINTIFFS' COUNSEL:

PLEASE TAKE NOTICE that, on October 20, 2008 at 9:30 a.m., or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable George H. King, United States District Judge, located at the Roybal Federal Building, 255 E. Temple Street, Los Angeles, California, 90012, Federal Defendants MICHAEL CHERTOFF, JAMES T. HAYES, and PILAR GARCIA ("Federal Defendants") will move to dismiss the First Amended Complaint ("FAC") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

This Motion is made on the grounds that:

(1)   this Court lacks subject matter jurisdiction over Plaintiffs' Fourteenth Claim for Declaratory Relief;

(2)   the Fourth Claim for violation of the Fourth Amendment is fatally defective as there was no "seizure," let alone an "unreasonable" seizure;

(3)   Plaintiffs have failed to allege facts sufficient to state a claim against Defendant Hayes, who has only been sued in his individual capacity.  As such, the First, Second, Third, and Fourth claims for relief based on alleged constitutional violations should also be dismissed with prejudice, as to Defendant Hayes.

(4)   The First, Second, Third and Fourth claims for relief should be dismissed as to Defendant Chertoff because such claims are barred by the doctrine of sovereign immunity.

i

1    This Motion is based on this Notice of Motion and Motion,

2  the attached Memorandum of Points and Authorities, and such

3  arguments as the Court may allow at the time of the hearing.

4    The parties conducted a Local Rule 7-3 meet and confer on

5  September 16, 2008.

6  Dated: September <u>28</u>, 2008.     THOMAS P. O'BRIEN
                                     United States Attorney
7                                    LEON W. WEIDMAN
                                     Assistant United States Attorney
8                                    Chief, Civil Division

9

                                     _____/s/_____
10                                   KATHERINE M. HIKIDA
                                     DEBORAH E. YIM
11                                   Assistant United States Attorneys

12                                   Attorneys for Federal Defendants
                                     UNITED STATES OF AMERICA,
13                                   MICHAEL CHERTOFF, JAMES T. HAYES,
                                     and PILAR GARCIA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     ii

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Plaintiffs Peter Guzman ("Guzman") and Maria Carbajal ("Carbajal") bring this First Amended Complaint ("FAC") against Federal Defendants UNITED STATES OF AMERICA ("United States") (for alleged Federal Tort Claims Act ("FTCA") violations), MICHAEL CHERTOFF ("Defendant Chertoff") in his official capacity as Secretary of the Department of Homeland Security ("DHS") (for declaratory relief), JAMES T. HAYES ("Defendant Hayes") in his individual capacity (for declaratory relief and alleged _Bivens_ violations), and Pilar Garcia ("Defendant Garcia") in her individual capacity (for declaratory relief and alleged _Bivens_ violations).  Plaintiffs also bring this action against unnamed "DOE ICE Agents," the county of Los Angeles, and certain of its officers and employees.  The _Bivens_ claims are based on the defendants' alleged violations of the First, Fourth, and Fifth Amendments (claims 1 through 4 of the FAC).

The federal defendants move to dismiss the FAC on the following grounds:

(1)  The Court lacks jurisdiction over Plaintiffs' Fourteenth Claim for Declaratory Relief as there is no "case or controversy," as required for Article III standing.  Neither the existence of past injury nor conjecture over the prospect of some future injury creates the case or controversy required for jurisdiction.  This claim has been asserted against Defendants Chertoff, Hayes and Garcia; and it should be dismissed in its entirety with prejudice.

1

1        (2)   The Fourth Claim for Violation of Mr. Guzman's Fourth

2   Amendment rights is fatally defective because Defendant Garcia's

3   interview of Mr. Guzman - following the Los Angeles County

4   Sheriff's Department's transfer of Mr. Guzman to ICE – cannot

5   serve as a "seizure" underlying a Fourth Amendment "unreasonable

6   seizure" claim.   This claim has been brought against Defendants

7   Hayes and Garcia, as well as the Doe ICE Agents, and it should be

8   dismissed with prejudice.

9        (3)   Defendant Hayes should be dismissed from the First,

10   Second, Third, and Fourth claims because Plaintiffs have failed

11   to allege facts sufficient to state a <u>Bivens</u> constitutional claim

12   against Defendant Hayes in his individual capacity or to overcome

13   his entitlement to qualified immunity.

14        (4)   The First, Second, Third and Fourth claims for relief

15   should be dismissed as to Defendant Chertoff, who is sued in his

16   official capacity, because such constitutional claims are barred

17   by the doctrine of sovereign immunity.

18        Accordingly, if the Motion to Dismiss is granted, the only

19   remaining claims against the government would be claims 5-7

20   against the USA, and claims 1-3 against Defendant Garcia and the

21   Doe ICE Agents.   There would be no remaining claims against

22   Defendants Chertoff and Hayes.

23                              **II.**

24                **MATERIAL ALLEGATIONS OF THE FAC**

25   **A.   Mr. Guzman Was Arrested for Two Misdemeanor Violations.**

26        On or about March 31, 2007, Mr. Guzman was arrested by

27   officers of the Los Angeles County Sheriff's Department ("LASD"),

28   for interfering with an aircraft and taking a vehicle without

                              2

1  consent.  (FAC ¶ 36.)  He was booked into the Los Angeles County
2  Jail.  (FAC ¶ 37.)  On April 19, 2007, he pled guilty and was
3  sentenced to three years of probation on the condition that he
4  serve 120 days in the county jail, less 30 days credit for good
5  behavior and time served.  (FAC ¶ 38.)

6  **B.    Defendant Pilar Garcia Interviewed Mr. Guzman After LASD**
7  **Transferred Him to ICE Custody.**

8  On or about April 26, 2007, in accordance with a 1/25/05
9  Memorandum of Understanding ("MOU") between ICE and LASD, LASD
10  interviewed Mr. Guzman and determined that he was illegally
11  present in the United States.  (FAC ¶ 42.) On or about May 7,
12  2007, LASD transferred physical custody of Mr. Guzman to ICE.
13  (FAC ¶ 50.)  On or about May 10, 1007, Defendant Pilar Garcia, an
14  ICE agent, allegedly interviewed Mr. Guzman regarding his
15  immigration status.  The FAC claims that Mr. Guzman was "coerced"
16  into signing a Spanish-language form purportedly waiving his
17  rights to a removal hearing, stating that he was a citizen of
18  Mexico, and agreeing to voluntary removal.  (FAC ¶¶ 51-56.)

19  **C.    Defendant James T. Hayes Was Not Involved in Mr. Guzman's**
20  **Removal from the United States.**

21  Following the ICE interview, Mr. Guzman claims he was
22  removed to Tijuana, Mexico on or about May 11, 2007.  (FAC ¶ 61.)
23  At the time of his removal, Mr. Guzman had completed only about
24  23 days of his 90-day jail sentence.  (FAC ¶ 38.)

25  In August 2007, Mr. Guzman was located at the U.S. border
26  near Calexico and was returned to LASD custody.  (FAC ¶ 83.)  On
27  August 7, 2007, he was returned to his family.  (FAC ¶ 85.)

28  Nowhere in the FAC do Plaintiffs indicate that Defendant

3

1   Hayes had any personal involvement in Mr. Guzman's removal from

2   the U.S.  The FAC merely states that Defendant Hayes was the

3   Field Office Director for the Los Angeles District of ICE, and in

4   that capacity, was responsible for the enforcement of the

5   immigration laws within the district.  (FAC ¶ 18.)

6                                  **III.**

7             **THE COURT LACKS SUBJECT MATTER JURISDICTION**

8          **OVER THE FOURTEENTH CLAIM FOR DECLARATORY RELIEF,**

9            **AS THERE IS NO "CASE OR CONTROVERSY" AT ISSUE.**

10        Plaintiffs argue that they are entitled to declaratory and

11  injunctive relief because the ICE Defendants' (Chertoff,

12  Garcia and Hayes) past conduct with regard to Mr. Guzman was

13  allegedly unconstitutional.  (FAC ¶¶ 150-53.)  Specifically, they

14  seek unspecified injunctive relief and a declaration from the

15  Court that the MOU program between ICE and the county of Los

16  Angeles is unconstitutional.  (FAC, Prayer for Relief.)  However,

17  Article III of the Constitution extends only to existing "cases

18  or controversies," and none exists at this time.

19        To establish a "case or controversy," a plaintiff must

20  allege that he "has sustained or is immediately in danger of

21  sustaining some direct injury."  Mass. v. Mellon, 262 U.S. 447,

22  488 (1923).  "The injury or threat of injury must be both real

23  and immediate, not conjectural or hypothetical."  O'Shea v.

24  Littleton, 414 U.S. 488, 494 (1974).  "Past exposure to illegal

25  conduct does not in itself show a present case or controversy

26  regarding injunctive relief... if unaccompanied by any

27  continuing, present adverse effects."  *Id.* at 495-96.  The

28  Supreme Court expounded upon this point in City of Los Angeles v.

                                    4

1    Lyons, 461 U.S. 95, 97-98 (1983).

2        In Lyons, the plaintiff alleged that Los Angeles police

3    officers applied a chokehold on him without provocation.  He also

4    claimed that it was the police department's policy to regularly

5    apply chokeholds.  His complaint sought damages and injunctive

6    relief against the use of chokeholds except for situations where

7    a person threatens the immediate use of deadly force.  The

8    Supreme Court held that the plaintiff lacked standing to pursue

9    injunctive relief because his allegations did "nothing to

10   establish a real and immediate threat that he would again be

11   stopped for a traffic violation, or for any other offense, by an

12   officer or officers who would illegally choke him into

13   unconsciousness without any provocation or resistance on his

14   part."  Id. at 105.  The Supreme Court further stated that even

15   if the police department had a policy that authorized officers to

16   use chokeholds without provocation, the plaintiff "would have to

17   credibly allege that he faced a realistic threat from the future

18   application of the City's policy."  Id. at 106.  That, he failed

19   to do, and therefore, there was no "case or controversy" at

20   issue.  Id.

21       Following the reasoning of Lyons, courts have specifically

22   denied injunctive relief in cases virtually identical to

23   Plaintiffs', where it was alleged that ICE agents violated the

24   plaintiff's constitutional rights during an interrogation or

25   search.  Even where it was established that such ICE

26   interrogation was conducted in conjunction with a discriminatory

27   or otherwise improper policy, the courts held that the alleged

28   threat of future harm to such plaintiffs was "too speculative and

                                  5

1  remote" to support an injunctive relief claim.  <u>Arias v. U.S.</u>

2  <u>Immigration & Customs Enforcement</u>, 2008 U.S. Dist. Lexis 34072,

3  at *36-38 (D. Minn. 2008) (despite allegations of an "ongoing

4  national initiative by ICE, pursuant to a policy developed at the

5  top levels of the current Administration," plaintiffs "failed to

6  allege any facts demonstrating a realistic threat that they will

7  again be the target of the enforcement effort."); <u>see</u> <u>Mancha v.</u>

8  <u>Immigration & Customs Enforcement</u>, 2007 WL 4287766, at *1 (N.D.

9  Ga. 2007) (the "Plaintiffs have not shown a real or immediate

10 threat of future harm.  At best they have alleged facts showing a

11 past injury.  The allegations with respect to a policy of

12 discriminating against Latinos do not allege a future injury that

13 is imminent and concrete enough for judicial consideration.").

14      As shown by the cases described above, it is clear that

15 Plaintiffs have not satisfied the "case or controversy"

16 requirement of Article III.  While Plaintiffs may have a claim

17 for damages based on the injuries they allegedly sustained,

18 injunctive relief is not available absent a real and immediate

19 likelihood that Mr. Guzman would be injured by the defendants

20 again.  The prospect of future injury rests on the likelihood

21 that Mr. Guzman would again commit a crime, be arrested,

22 interviewed pursuant to the MOU, determined to be an illegal

23 immigrant, and deported again.  This would be too speculative for

24 purposes of establishing a "case of controversy."  As stated by

25 the court in <u>Lyons</u>, "it is to be assumed that the Plaintiff will

26 conduct his activities within the law and avoid prosecution as

27 well as exposure to the course of conduct said to be followed by

28 defendants."  <u>Lyons</u>, 461 U.S. at 105-106.  Based on the

6

foregoing, the Court should also dismiss Plaintiffs' Fourteenth
Claim for injunctive and declaratory relief against the ICE
Defendants (Chertoff, Garcia and Hayes) with prejudice.

**IV.**

**THE FOURTH CLAIM FOR RELIEF FOR VIOLATION OF THE FOURTH**
**AMENDMENT IS WITHOUT MERIT AS ICE DID NOT "SEIZE" MR. GUZMAN.**

According to the FAC, on or about May 7, 2007, the LASD
Defendants transferred physical custody of Mr. Guzman to ICE for
further interrogation regarding his immigration status.  (FAC ¶
50.)  Plaintiffs allege that ICE then "detained" Mr. Guzman in
violation of his Fourth Amendment rights against "unreasonable
seizures."  (FAC ¶ 107.)

The Fourth Amendment protects citizens from unreasonable
government seizures.  U.S. Const. amend. IV; Camara v. Muni. Ct.,
387 U.S. 523, 528 (1967).  To succeed on a claim of unreasonable
seizure under the Fourth Amendment, a plaintiff must establish
(1) the existence of a seizure; and (2) that the seizure was
unreasonable or conducted in an unreasonable manner.  U.S. Const.
amend. IV.  As discussed below, however, such detention does not
constitute an additional "seizure," let alone an "unreasonable
seizure" under the Fourth Amendment.  See Muehler v. Mena, 544
U.S. 93, 100-101 (2005).

In U.S. v. Laville, 480 F.3d 187, 195-96 (3d Cir. 2007), a
case similar to this one, the plaintiff was arrested by a police
officer, on probable cause that a misdemeanor (an illegal entry)
had been committed.  Subsequently, as in this case, the police
transferred Plaintiff into the custody of ICE for further
interrogation.  The court held that this "custodial transfer" did

7

not constitute a "new arrest" under the Fourth Amendment:

> "Where his initial arrest by territorial
> authorities did not violate the Fourth Amendment,
> ICE was not required to make an independent
> showing of probable cause before assuming custody.
> Such custodial transfers are relatively common in
> the immigration context..., and none of the
> authorities cited by the District Court, and none
> of which we are aware, even implies that a
> custodial transfer constitutes a'new arrest'
> requiring a separate showing of probable cause."

Id. at 196.

     Here, Plaintiffs do not dispute that the LASD Defendants had probable cause to arrest Mr. Guzman for commission of a misdemeanor.  (FAC ¶ 36.)  In fact, on April 19, 2007, Mr. Guzman pled guilty and was sentenced to 120 days in county jail (less 30 days for good behavior and time served) and three years probation.  (FAC ¶ 38.)  As such, LASD's subsequent transfer of Mr. Guzman to ICE's custody could not possibly serve as the basis of a Fourth Amendment violation.  As the court held in Laville, 480 F.3d at 195-96, because the underlying arrest was indisputably made with probable cause, the subsequent detention by ICE does not constitute a "new arrest" rising to the level of a "seizure" for purposes of the Fourth Amendment.  Indeed, as the FAC itself indicates, even if Mr. Guzman had not been placed in ICE's custody, he would still have been detained in county jail as of May 7, 2007, when the transfer of physical custody occurred.  Because he was subject to a 90-day jail sentence (120

8

days minus 30 day, per above), he would still have to remain in jail under LASD custody until July 19, 2007, anyway. See Muehler v. Mena, 544 U.S. 93, 101 (2005) (Because the "detention" was not "prolonged by the questioning, there was no additional seizure within the meaning of the Fourth Amendment.")

Moreover, Plaintiffs cannot argue that ICE's interrogation of Mr. Guzman constituted an additional "seizure." The Supreme Court in Muehler, 544 U.S. at 100-101, has specifically held otherwise. In Muehler, local police obtained a warrant and conducted a search of a residence for weapons and evidence of gang membership. The plaintiff was not a suspect but was an occupant of the residence at the time of the search, and she was detained during the search. An INS officer followed the police to the premises and questioned the plaintiff about her immigration status during the detention. The Supreme Court held that "mere police questioning does not constitute a seizure" and "even when officers have no basis for suspecting a particular individual, they may generally ask questions of that individual; ask to examine the individual's identification; and request consent to search his or her luggage." Id. at 101 (citing Florida v. Bostick, 501 U.S. 429, 434 (1991); see also, INS v. Delgado, 466 U.S. 210, 212 (1984). Accordingly, the ICE officers in question were entitled to question Mr. Guzman regarding his immigration status, and such questioning or transfer of Mr. Guzman's physical custody to ICE for such questioning cannot serve as the basis for a Fourth Amendment violation. The Fourth Claim for Relief against Defendants Garcia and Hayes and the Doe ICE Agents should thus be dismissed

with prejudice in its entirety.

**V.**

**PLAINTIFFS FAILS TO ALLEGE ANY FACTS**

**SUFFICIENT TO STATE A CLAIM AGAINST DEFENDANT CHERTOFF.**[1]

Plaintiffs claim that Defendant Chertoff, in his official capacity (as an "ICE Defendant"), violated Plaintiffs' constitutional rights under <u>Bivens</u>. These alleged constitutional violations are the basis of the First, Second, Third, and Fourth claims for relief. *See* FAC ¶¶ 17, 20, 90-110. This Court lacks subject matter jurisdiction over the constitutional tort claims against Defendant Chertoff in his official capacity because the Federal Tort Claims Act ("FTCA") does not provide a waiver of sovereign immunity for constitutional tort claims against federal defendants in their official capacities. <u>See FDIC v. Meyer</u>, 510 U.S. 471, 485 (1994), <u>U.S. v. Mitchell</u>, 445 U.S. 535, 538 (1980), <u>Vaccaro v. Dobre</u>, 81 F.3d 854, 857 (9th Cir. 1996); <u>Cato v. U.S.</u>, 70 F.3d 1103, 1111 (9th Cir. 1995); <u>Daly-Murphy v. Winston</u>, 837 F.2d 348, 355 (9th Cir. 1987). Accordingly, this Court should dismiss with prejudice the First, Second, Third, and Fourth causes of action against Defendant Chertoff.

---

[1]Plaintiffs allege in their FAC headings that they are bringing Claims 1 through 4 only against the federal defendants Garcia, Hayes, and the DOE ICE Agents. However, plaintiffs make allegations in Claims 1 through 4 against the "ICE Defendants," which plaintiffs have defined to include defendant Chertoff. <u>See</u> FAC ¶¶ 20, 90-110.

**VI.**

**PLAINTIFFS FAIL TO ALLEGE ANY FACTS**

**SUFFICIENT TO STATE A CLAIM AGAINST DEFENDANT HAYES.**

The First, Second, Third, and Fourth Claims for Relief are also defective as to Defendant Hayes because he was not personally involved in the alleged constitutional violations, and he is entitled to qualified immunity on such claims:

**A.   Plaintiffs Failed to Allege Facts Sufficient to Show That Defendant Hayes Personally Engaged in a Violation of Their Civil Rights.**

Plaintiffs have brought suit against Defendant Hayes in his individual capacity, claiming that as Field Office Director of the Los Angeles District office, he was responsible for the alleged constitutional violations with respect to Plaintiffs. (FAC ¶¶ 18, 90-110.)  Plaintiffs specifically claim that Defendant Hayes violated their First, Fourth and Fifth Amendment rights (claims 1 to 4 in the FAC).  In addition, Plaintiffs base their declaratory relief claim (claim 14 in FAC) against Defendant Hayes on these alleged constitutional violations.  As discussed above, the Fourth Amendment "unreasonable seizure" claim (Fourth Claim for Relief) and declaratory relief claim (Fourteenth Claim for Relief) are defective and should be dismissed.

Bivens liability, however, arises only upon a showing of personal involvement by the defendant in an alleged constitutional violation; there is no *respondeat superior* liability.  Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991); see also Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir.

11

2007); Bibeau v. Pacific Northwest Research Foundation, 188 F.3d 1105, 1114 (9th Cir. 1999); Chuman v. Wright, 76 F.3d 292, 294 (9th Cir. 1996). "Vague and conclusory allegations of [an] official['s] participation in civil rights violations are not sufficient to withstand a motion to dismiss." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Indeed, a supervisory official may be liable in a civil rights action only if he was *personally* involved in the constitutional deprivation or there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. MacKinney v. Nielsen, 69 F.3d 1002, 1008 (9th Cir. 1995); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991) (en banc); see Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Thus, in order to prevail in their Bivens claim against Defendant Hayes, here, Plaintiffs must establish that Defendant Hayes personally violated their constitutional rights under the First, Fourth, and Fifth Amendments. See MacKinney, 69 F.3d at 1008; Redman, 942 F.2d at 1446-47; Taylor, 880 F.2d at 1045; Hydrick, 500 F.3d 978. Viewing the allegations in the light most favorable to plaintiffs, it is apparent that plaintiffs allege only a *respondeat superior* theory against Defendant Hayes. Plaintiffs fail to allege any facts that show that Defendant Hayes personally participated in or directed any constitutional violations, or knew of the violations and failed to act to prevent them. Plaintiffs merely assert that after Mr. Guzman had already been removed from the United States, Defendant Hayes "failed to meaningfully assist in the search for

12

Mr. Guzman" (caps in original).  FAC ¶¶ 80-81.  Even if true,
plaintiffs' allegations against defendant Hayes do not show any
constitutional violation.  Furthermore, plaintiffs do not, and
cannot, allege that Defendant Hayes personally violated
plaintiffs' constitutional rights.  Accordingly, this Court
should dismiss the claims against defendant Hayes.

**B.   Defendant Hayes is Entitled to Qualified Immunity for the
Constitutional Claims Alleged.**

Even assuming *arguendo* that the FAC alleged facts
sufficient to show that Defendant Hayes violated Plaintiffs'
civil rights, it fails to set forth factual allegations
sufficient to overcome Defendant Hayes' qualified immunity.  In
Saucier v. Katz, 533 U.S. 194 (2001), the Supreme Court
clarified the test for qualified immunity and established a two-
step analysis.  Id.; Drummond ex rel. Drummond v. City of
Anaheim, 343 F.3d 1052, 1056 (9th Cir. 2003).  The first step is
to determine whether the alleged actions are unconstitutional as
a matter of law.  Saucier, 533 U.S. at 201; see also Johnson v.
County of Los Angeles, 340 F.3d 787, 791-792 (9th Cir. 2003).  If
not, the inquiry ends.

If so, the next step is to analyze whether the defendants
are entitled to qualified immunity because the rights asserted
were not clearly established at the time.  Id.  The "relevant,
dispositive inquiry in determining whether a right is clearly
established is whether it would be clear to a reasonable officer
that his conduct was unlawful in the situation he confronted."
Saucier, at 202; see Act Up!/Portland v. Bagley, 988 F.2d 868,
871 (9th Cir. 1993); Trotter v. Watkins, 869 F.2d 1312, 1315 (9th

13

Cir. 1989) (The relevant inquiry is whether a reasonable official could have believed his conduct was lawful in light of clearly established law and the facts of the case).  Although the precise act need not have been declared unlawful, its unlawfulness must be apparent in the light of pre-existing law. Hope v. Pelzer, 536 U.S. 730, 739 (2002); see also Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1050 (9th Cir. 2002).

Accordingly, a defendant is entitled to qualified immunity if he makes a reasonable mistake.  Saucier, 533 U.S. at 205. "Qualified immunity "shields an officer from suit when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted."  Brosseau v. Haugen, 125 S.Ct 596, 599 (2004).  In Brosseau, the Supreme Court held that an officer was entitled to qualified immunity because her use of deadly force "fell within the 'hazy border between excessive and acceptable force.'" Id. at 600, quoting Saucier, 533 U.S. at 206.

This standard "'gives ample room for mistaken judgment' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" Hunter v. Bryant, 502 U.S. 224, 229 (1991) (per curiam), quoting Malley v. Briggs, 475 U.S. 335, 343 (1986).  The "accommodation for reasonable error exists because 'officials should not err always on the side of caution' because they fear being sued." Hunter, at 228-229, quoting Davis v. Scherer, 468 U.S. 183, 196 (1984).

This inquiry is distinct from the initial inquiry into the constitutional violation. Saucier, 533 U.S. at 205 (Qualified immunity inquiry "has a further dimension"); Estate of Ford v.

14

<u>Ramirez-Palmer</u>, 301 F.3d 1043, 1049 (9th Cir. 2002) ("Saucier's key point is that the qualified immunity inquiry is separate from the constitutional inquiry").

The defendant's mental state, therefore, is only relevant to the qualified immunity test to the extent that it is an element of the alleged constitutional violation.  <u>Clement v. Gomez</u>, 298 F.3d 898, 903 (9th Cir. 2002); <u>Jeffers v. Gomez</u>, 267 F.3d 895, 911 (9th Cir. 2001); <u>Crawford-El v. Britton</u>, 523 U.S. 574, 587-589 (1998) ("Evidence concerning the defendant's subjective intent is simply irrelevant to [qualified immunity]").

In this case, plaintiffs' constitutional claims 1 through 4 in the FAC involve an element of improper motive.  Plaintiffs allege that Defendant Hayes' actions were "intentional and reckless and demonstrate a callous disregard for, or deliberate indifference to," plaintiffs' rights.  <u>See</u> FAC, ¶¶ 90-110. When subjective intent is an element of a <u>Bivens</u> claim, a heightened pleading standard applies.  <u>Alfrey v. U.S.</u>, 276 F.3d 557, 567 (9th Cir. 2002); <u>Harris v. Roderick</u>, 126 F.3d 1189, 1195 (9th Cir. 1997).  Plaintiffs must include "'nonconclusory allegations concerning evidence of unlawful intent.'"   <u>Harris</u>, 126 F.3d at 1195 (<i>quoting</i> <u>Branch v. Tunnell</u>, 937 F.2d 1382, 1386 (9th Cir. 1991).   Plaintiffs' FAC in this case does not meet that standard.  Plaintiffs make only conclusory allegations of unlawful intent with respect to Defendant Hayes and allege no facts supporting an inference of unlawful intent.  Assuming <i>arguendo</i> that plaintiffs did allege facts showing that Defendant Hayes had unlawful intent with respect to plaintiffs, Defendant

1  Hayes may nevertheless be shielded from civil liability because

2  plaintiffs have failed to allege any facts that his actions

3  violated "clearly established statutory or constitutional rights

4  of which a reasonable person would have known." <u>Id</u>.  Defendant

5  Hayes is entitled to qualified immunity in this action.  This

6  Court should, therefore, dismiss Defendant Hayes from this

7  action.

**VII.**

**<u>CONCLUSION</u>**

10      Based on the foregoing, the Federal Defendants respectfully

11  request that the Court:

12      (1)   dismiss the Fourteenth Claim for Relief for

13            Declaratory Relief with prejudice;

14      (2)   dismiss the Fourth Claim for Relief for Violation of

15            the Fourth Amendment with prejudice; and

16      (3)   dismiss Defendants Hayes and Chertoff from the First,

17            Second, Third, and Fourth causes of action, with

18            prejudice.

19  DATED: September __28__, 2008.

20                              THOMAS P. O'BRIEN
                                United States Attorney
21                              LEON W. WEIDMAN
                                Assistant United States Attorney
22                              Chief, Civil Division

23
                                _____/s/_____
24                              KATHERINE M. HIKIDA
                                DEBORAH E. YIM
25                              Assistant United States Attorneys

26                              Attorneys for Federal Defendants
                                UNITED STATES OF AMERICA,
27                              MICHAEL CHERTOFF,
                                JAMES T. HAYES, and PILAR GARCIA

28