THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
KATHERINE M. HIKIDA (State Bar # 153268)
Assistant United States Attorney
DEBORAH E. YIM (State Bar # 217400)
Assistant United States Attorney
    300 North Los Angeles Street
    Federal Building, Room 7516
    Los Angeles, California 90012
    Telephone:  (213) 894-2879
    Facsimile:  (213) 894-7819
    E-mail: katherine.hikida@usdoj.gov
    E-mail: deborah.yim@usdoj.gov

Attorneys for Federal Defendants
UNITED STATES OF AMERICA,
JAMES T. HAYES, and PILAR GARCIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PETER GUZMAN AND MARIA CARBAJAL,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>MICHAEL CHERTOFF, Secretary,<br>Department of Homeland Security;<br>JAMES T. HAYES, Field Office<br>Director, U.S. Immigration and<br>Customs Enforcement; PILAR<br>GARCIA, Agent, U.S. Immigration<br>and Customs Enforcement;<br>COUNTY OF LOS ANGELES; LEROY<br>BACA, Sheriff of the County of<br>Los Angeles; TIMOTHY CORNELL,<br>Captain of Los Angeles County<br>Inmate Reception Center; SANDRA<br>FIGUERAS, Custodial Assistant,<br>Los Angeles County Sheriff's<br>Department; DOE ICE AGENTS 1-10;<br>and DOE LASD OFFICERS 1-10,<br><br>    Defendants. | No. CV 08-1327-GHK(SSx)<br><br>**NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that Federal Defendant James T. Hayes ("Defendant Hayes") hereby appeals to the United States Court of Appeals for the Ninth Circuit from the order of the District Court denying Defendant Hayes' motion to dismiss the first, second, third, and fourth claims for relief, as alleged in the First Amended Complaint.

A copy of the District Court's "Order re Federal Defendant's Motion to Dismiss," entered on November 21, 2008, is attached hereto as Exhibit "A."

DATED: January 16, 2009.

THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

                     /s/
KATHERINE M. HIKIDA
DEBORAH E. YIM
Assistant United States Attorneys

Attorneys for Federal Defendants
UNITED STATES OF AMERICA,
JAMES T. HAYES, and PILAR GARCIA

# Exhibit A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 08-1327-GHK (SSx) | Date | November 21, 2008 |
| Title | Peter Guzman & Maria Carbajal v. Michael Chertoff, etc., et al. | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (In Chambers) Order re: Federal Defendant's Motion to Dismiss

This matter is before the Court on Federal Defendants Michael Chertoff, James T. Hayes ("Hayes"), and Pilar Garcia's (collectively "ICE Defendants") Motion to Dismiss ("Motion"). We have considered the papers filed in support of and opposition to this Motion, and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the parties are familiar with the facts in this case, they will be repeated only as necessary. Accordingly, we rule as follows:

**I.      Legal Standard**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (citation omitted) (alteration in original). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, we must accept the allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiff. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). We need not accept as true, however, conclusory allegations or legal characterizations. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Transphase Sys., Inc. v. S. Cal. Edison Co.*, 839 F. Supp. 711, 718 (C.D. Cal. 1993).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusion, and a formulaic recitation of the elements of a cause of action will not do." *Twombley*, 127 S.Ct. at 1964–65 (quoting Fed. R. Civ. P. 8(a)(2)) (citations omitted) (alteration in original). There is a "need at the pleading stage for allegations plausibly suggesting (not merely consistent with) [liability, which] reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 1966 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page 1 of 4 |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1327-GHK (SSx) | Date | November 21, 2008 |
|---|---|---|---|
| Title | *Peter Guzman & Maria Carbajal v. Michael Chertoff, etc., et al.* | | |

"[O]f course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* at 1965 (internal quotation marks omitted). Claims should be dismissed only when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. Defendant Chertoff and Plaintiffs' Fourteenth Claim for Declaratory and Injunctive Relief

ICE Defendants' unopposed motion to dismiss the first, second, third, and fourth claims is **GRANTED without prejudice** as to Defendant Chertoff in light of Plaintiffs Peter Guzman ("Guzman") and Maria Carbajal's (collectively "Plaintiffs") representations that they do not intend to plead these claims against Defendant Chertoff. Furthermore, ICE Defendant's unopposed motion to dismiss the fourteenth claim for declaratory and injunctive relief is **GRANTED without prejudice.**

## III. Defendant Hayes

In a *Bivens* action, supervisor liability may not be established through a respondeat superior theory. *See* Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002); *Butz v. Economou*, 438 U.S. 478 (1978) (holding that liability of federal officers under *Bivens* is the same as liability of state and municipal officers under § 1983); *Ajaj v. Mackenzie*, ___ F. Supp. 3d. ___, 2008 WL 3166659, at *5 (S.D.N.Y. Aug. 4, 2008) ("The pleading requirements for supervisor liability are no different in *Bivens* actions from those in an action brought under 42 U.S.C. § 1983."); *Black v. U.S.*, 534 F.2d 524, 528 (2d. Cir. 1976); *Keen v. Noble*, 2007 WL 2789561, at *5 (E.D. Cal. Sep. 20, 2007) (applying § 1983 supervisor liability to *Bivens* action). Under Ninth Circuit law, for a supervisor to be liable a plaintiff must show (1) the supervisor's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001). Here, it is undisputed that Hayes was not personally involved in the alleged deprivation of Guzman's constitutional rights.

Under the second prong, supervisors can be held liable if they play an affirmative part in the alleged deprivation of constitutional rights by setting in motion a series of acts by others which the supervisor knew or reasonably should have known would cause others to inflict the constitutional injury. *Graves v. City of Coeur D'Alene*, 339 F.3d 828, 848 (9th Cir. 2003) (abrogated in part on other grounds by *Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt County*, 542 U.S. 177 (2004)); *Larez v. Los Angeles*, 946 F.2d 630, 646 (9th Cir.1991). Supervisory liability is imposed against a supervisory official in his individual capacity for (1) his own culpable action or inaction in the training, supervision, or control of his subordinates, (2) for his acquiescence in the constitutional deprivations of which the complaint is made, (3) or for conduct that showed a reckless or callous indifference to the rights of others. *Preschooler II v. Clark County School Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007); *Menotti v. City of Seattle*, 409 F.3d 1113, 1149 (9th Cir. 2005) (quoting *Larez*, 946 F.2d at 646).

Case 2:08-cv-01327-GHK-SS   Document 67   Filed 01/20/09   Page 6 of 7   Page ID #:437
Case 2:08-cv-01327-GHK-SS   Document 65   Filed 01/16/2009   Page 6 of 7
Case 2:08-cv-01327-GHK-SS   Document 55   Filed 11/21/2008   Page 3 of 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1327-GHK (SSx) | Date | November 21, 2008 |
|---|---|---|---|
| Title | Peter Guzman & Maria Carbajal v. Michael Chertoff, etc., et al. | | |

Here, viewing the facts alleged in the Complaint in the light most favorable to Plaintiffs, Plaintiffs have sufficiently alleged that Hayes, in his role as Field Director of the Los Angeles Office of Immigration and Customs Enforcement ("ICE"), set in motion a series of acts which he knew or reasonably should have known would cause others, like Defendant Garcia, to inflict the constitutional injuries alleged. Furthermore, Plaintiffs have alleged the violation of constitutional rights that, if true, were "clearly established" at the time they occurred, and, therefore, Hayes would not be entitled to qualified immunity. *See e.g. Saucier v. Katz*, 533 U.S. 194, 201–202 (2001). Therefore, ICE Defendants' Motion to Dismiss Defendant Hayes from claims one, two, three, and four is hereby **DENIED**.

### IV.   Fourth Claim for Violation of the Fourth Amendment

The Fourth Amendment protects "against unreasonable searches and seizures." U.S. Const. Amend. IV. For purposes of the Fourth Amendment, a seizure occurs when a law enforcement officer, through a show of force, in some way restrains the liberty of a citizen. *U.S. v. Washington*, 387 F.3d 1060, 1068 (9th Cir. 2004); *United States v. Chan-Jimenez*, 125 F.3d 1324, 1326 (9th Cir. 1997). Whether a seizure is reasonable depends on the totality of the circumstances. This requires balancing the nature and quality of the intrusion on a person's liberty with the countervailing governmental interest at stake to determine reasonableness. *Davis v. City of Las Vegas*, 478 F.3d 1048, 1054 (9th Cir. 2007).

Here, Plaintiffs combine Guzman's detention, interrogation and deportation into one seizure. However, these acts may implicate different potential liberty interests. As for Guzman's detention and interrogation by ICE Defendants on or about May 7, 2008 through May 11, 2008, Guzman's detention was not a seizure under the Fourth Amendment. Plaintiffs allege that on or about April 19, 2007, Guzman pled guilty to a single count of vandalism and was sentenced to serve 120 days in county jail (less 30 days for good behavior and time served). Then, on or about May 7, 2008, Guzman was transferred to ICE custody for questioning. He was kept at ICE until on or about May 11, 2008. Because Guzman had over two months remaining on his vandalism sentence, he was not deprived of any liberty interest when he was transferred to ICE custody for questioning regarding his immigration status. *See Muehler v. Mena*, 544 U.S. 93, 101 (2005) (holding that because the detention was not "prolonged by the questioning, there was no additional seizure within the meaning of the Fourth Amendment."). Therefore, as far as Plaintiffs' fourth claim for relief addresses Guzman's detention and interrogation by ICE, Defendant's Motion to Dismiss is **GRANTED**.

The question remains as to whether Guzman's alleged deportation to Mexico, separate and apart from his alleged detention and interrogation by ICE, constitutes a separate Fourth Amendment violation. Neither party has adequately briefed whether the deportation of a United States citizen can result in an unreasonable seizure under the Fourth Amendment. If ICE Defendants wish to move to dismiss Plaintiffs' fourth claim based on the deportation alone, they **MUST** meet and confer with Plaintiffs within **fourteen (14) days**. If, after the meet and confer, the parties do not agree, ICE Defendants may file a supplemental brief of no more than seven pages within **thirty (30) days**, solely on the deportation as an unreasonable seizure issue, if they so choose. Plaintiffs may file an opposition brief of no more

Case 2:08-cv-01327-GHK-SS   Document 67   Filed 01/20/09   Page 7 of 7   Page ID #:438
Case 2:08-cv-01327-GHK-SS   Document 65   Filed 01/16/2009   Page 7 of 7
Case 2:08-cv-01327-GHK-SS   Document 55   Filed 11/21/2008   Page 4 of 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1327-GHK (SSx) | Date | November 21, 2008 |
|---|---|---|---|
| Title | *Peter Guzman & Maria Carbajal v. Michael Chertoff, etc., et al.* | | |

than seven pages within **fourteen (14) days** thereafter. We will take the matter under submission thereafter. If Defendants fail to timely file a further briefing on the deportation issue, it shall be deemed their abandonment of such argument. In that event, we will deny the motion to dismiss insofar as it relates to Plaintiffs' fourth claim for relief as it relates to Guzman's deportation.

//
**V.    Conclusion**

For the foregoing reasons, Defendant Chertoff is hereby **DISMISSED** from the first, second, third, and fourth claims. Plaintiffs' fourteenth claim is also **DISMISSED**. Furthermore, ICE Defendants' motion to dismiss Hayes is hereby **DENIED** and their motion to dismiss Plaintiffs' fourth claim is **GRANTED in part and DENIED in part**, **without prejudice** pending further briefing ordered herein.

**IT IS SO ORDERED.**

                                                                                    :

                                        Initials of Deputy Clerk    IR for Bea