JAMES J. BROSNAHAN (CA SBN 34555)
SOMNATH R. CHATTERJEE (CA SBN 177019)
LEE B. AWBREY (CA SBN 252037)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone No. (415) 268-7000
Facsimile No. (415) 268-7522

Attorneys for Plaintiffs
Peter Guzman and Maria Carbajal

THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
KATHERINE M. HIKIDA, State Bar No. 153268
Assistant United States Attorney
DEBORAH E. YIM, State Bar No. 217400
300 North Los Angeles Street
Federal Building, Room 7516
Los Angeles, California 90012
Telephone No. (213) 894-2285
Facsimile No. (213) 894-7819

Attorneys for Federal Defendants
United States of America, Michael Chertoff,
James T. Hayes, and Pilar Garcia

[Additional counsel appear on following page.]

FILED
CLERK, U.S. DISTRICT COURT
JUL - 8 2009
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

NOTE CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER GUZMAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA; et al., <br><br> Defendants. | Case No. CV 08-01327 GHK (SSx) <br><br> Honorable Suzanne H. Segal <br><br> **STIPULATION FOR ENTRY OF PROTECTIVE ORDER AND [P~~ROPOSE~~D] ORDER** |

sf-2709637

1  PAUL B. BEACH, State Bar No. 166265
   RAYMOND W. SAKAI, State Bar No. 193507
2  LAWRENCE BEACH ALLEN & CHOI, PC
   100 West Broadway, Suite 1200
3  Glendale, California 91210-1219
   Telephone No. (818) 545-1925
4  Facsimile No. (818) 545-1937

5  Attorneys for Defendants
   County of Los Angeles, Sheriff Leroy Baca,
6  Timothy Cornell, and Sandra Figueras

7  MARK ROSENBAUM (CA SBN 59940)
   CATHERINE E. LHAMON (CA SBN 192751)
8  AHILAN T. ARULANANTHAM (CA SBN 237841)
   MELINDA BIRD (CA SBN 102236)
9  ACLU FOUNDATION OF
   SOUTHERN CALIFORNIA
10 1313 West Eighth St.
   Los Angeles, CA 90017
11 Telephone: (213) 977-9500, x224
   Facsimile: (213) 977-5297

12 Attorneys for Plaintiffs
   Peter Guzman and Maria Carabajal

sf-2709637

WHEREAS, discovery in this litigation involves the production of sensitive and confidential information by the parties, IT IS HEREBY STIPULATED AND AGREED TO, by and between the Parties, through their respective counsel of record, that the following Protective Order be entered:

## I.   INTRODUCTION AND STATEMENT OF GOOD CAUSE.

### A.   Plaintiffs.

The Plaintiffs in this action are Peter Guzman and Maria Carbajal, Mr. Guzman's mother ("Plaintiffs").

### B.   Defendants.

The Defendants are the United States of America, James T. Hayes, Pilar Garcia ("Federal Defendants"), the County of Los Angeles, Leroy Baca, Timothy Cornell, and Sandra Figueras ("County Defendants") (collectively, "Defendants"). Plaintiffs and Defendants are collectively referred to as the "Parties."

### C.   Sensitive And Confidential Information.

The Parties anticipate that during discovery in this action they will exchange documents, items, materials, and other information that contain sensitive, confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. Such sensitive and confidential information may include, ~~but is not limited to:~~ (1) certain law enforcement operations, policies and procedures, methods, techniques, guidelines, and reports of internal investigations that derive value from not being generally known to the public and which are the subject of reasonable efforts to maintain their secrecy and confidentiality, in order to protect the security interests of law enforcement officers and the integrity of law enforcement operations; (2) employee records, educational, medical and mental health records to the extent that such materials may be highly sensitive and confidential, in order to protect the privacy

interests of the individuals to whom those records pertain; (3) information subject to the Privacy Act (codified at 5 U.S.C. § 552a) or the official information privilege that is protected from disclosure, in order to comply with the law; (4) and material containing private and confidential third-party information protected by the right to privacy guaranteed in Federal Constitution and the First Amendment, in order to protect the privacy interests of those third-parties.

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge, as set forth below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal. Civil Local Rule of Procedure 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II. DEFINITIONS.

### A. Party.

Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

### B. Disclosure or Discovery Material.

All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

### C. "Confidential" Information or Items.

Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c).

**D.  Protected Material.**

Any Disclosure or Discovery Material that is designated as "Confidential."

**E.  Designating Party.**

A party or non-party that designates information or items that it discloses or produces in response to discovery "Confidential."

**F.  Receiving Party.**

A party that receives Disclosure or Discovery Material in this action.

**G.  Counsel.**

Attorneys who are retained to represent or advise a party in this action.

**H.  Expert.**

A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

**I.  Professional Vendors.**

Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

**III.  SCOPE.**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

## IV. DURATION.

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## V. DESIGNATING PROTECTED MATERIAL.

### A. Exercise of Restraint and Care in Designating Material for Protection.

Each party or non-party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or written communications that qualify so that other portions of the material, documents, item, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a party's or non party's attention that information or items that it designated for protection do not qualify for protection at all, that party or non party must promptly notify all other parties that it is withdrawing the mistaken designation.

### B. Manner and Timing of Designations.

Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

    1.    For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Designating Party affix the legend "CONFIDENTIAL" on each page that contains Protected Material.

A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the Receiving Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential." After the Receiving Party has identified the documents it wants copied and produced, the Designating Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Before producing the specified documents, the Designating Party must affix the appropriate legend ("CONFIDENTIAL") on each page that contains Protected Material.

2. For testimony given in deposition or in other pretrial or trial proceedings, that the party or non-party offering or sponsoring the testimony identify on the record or in writing within ten business days after receipt of the deposition or proceeding transcript all protected testimony.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix on each such page the legend "CONFIDENTIAL" as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

3. For information produced other than in documentary form, and for any other tangible items, that the Designating Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions.

C. **Inadvertent Failures to Designate.**

An inadvertent failure to designate qualified information or items as Protected Material does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. If

material is appropriately designated as Protected Material after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS.

### A. Timing of Challenges.

Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

### B. Meet and Confer.

A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party as contemplated in Local Rule 37.

### C. Judicial Intervention.

A party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a Joint Stipulation pursuant to Local Rule 37.

Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

This Stipulation for Protective Order does not alter any rights or remedies available under the Federal Rules of Procedure and the Local Rules.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL.

### A. Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section XI.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

### B. Disclosure of "Protected Material."

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose information or items designated as Protected Material only to:

(a) The Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgement and Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A;

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A;

(d) The Court and its personnel, under the procedure outlined below in Section X;

  (e) Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A;

  (f) During their depositions, witnesses, who have signed the "Acknowledgement and Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A, unless otherwise covered by this section; in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

  (g) The author of the document or the original source of the information.

Parties to this case will sign the "Acknowledgement and Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A, prior to physical review of Protected Material.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Protected Material, the Receiving Party must so notify the Designating Party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this

Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### IX. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosure was made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A.

### X. FILING PROTECTED MATERIAL.

If necessary in the judgment of attorneys for any non-Designating Party, said attorneys may show or reveal the contents of the Protected Material to the court only by (1) written permission from the Designating Party; (2) filing or lodging under seal in compliance with Local Rule 79-5, or (3) after receiving notice of the Court's denial of an application to file the Protected Material under seal based on the Court's decision it is not appropriate to file such information under seal.

## XI. FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Designating Party, within thirty (30) days after the final termination of this action, each Receiving Party must return all Protected Material to the Designating Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Designating Party by the 30-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section IV.

## XII. MISCELLANEOUS.

### A. Right to Further Relief.

Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

#### 1. Right to Assert Other Objections.

By stipulating to the entry of this Stipulated Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective

Order. Similarly, no party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED.

Dated: July 7, 2009           MORRISON & FOERSTER, LLP

By  /s/ Lee B. Awbrey
    James J. Brosnahan
    Somnath R. Chatterjee
    Lee B. Awbrey
    Attorney for Plaintiffs
    Peter Guzman and Maria Carbajal

Dated: July 7, 2009           Thomas P. O'Brien
UNITED STATES ATTORNEY
Leon W. Weidman
Assistant United States Attorney
Chief, Civil Division

By  /s/ Katherine M. Hikida
    Katherine M. Hikida
    Deborah E. Yim
    Assistant United States Attorneys
    Attorneys for Federal Defendants
    United States of America, James T. Hayes, and Pilar Garcia

Dated: July 7, 2009           LAWRENCE BEACH ALLEN & CHOI, PC

By  /s/ Justin W. Clark
    Paul B. Beach
    Raymond W. Sakai
    Attorneys for Defendants County of Los Angeles, Sheriff Leroy Baca, Timothy Cornell, and Sandra Figueras

[PR~~OPOSED~~] ORDER

For good cause shown, and by stipulation of the parties, the Court hereby adopts and enters the parties' Stipulated Protective Order as the Order of the court.

IT IS SO ORDERED.
Dated: 7/8/09

_____
Honorable Suzanne H. Segal
United States Magistrate District Judge

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of Guzman v. United States, Case No. 08-1327 GHK (SSx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and state where sworn and signed: _____

Printed name: _____

Signature: _____