UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER GUZMAN AND MARIA CARBAJAL, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al, <br><br> Defendants. | NO. CV 08-01327 GHK (SSx) <br><br> **MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

On October 23, 2009, Plaintiffs Peter Guzman and Maria Carbajal ("Plaintiffs") filed a "Motion to Compel Production of Documents from Federal Defendants" (the "Motion"), seeking to compel further discovery responses from Defendant United States of America (the "United States" or the "Federal Defendants"). The parties submitted a Joint Stipulation (the "Jt. Stip.") reflecting their respective positions regarding the Motion. Plaintiffs also submitted the declaration of Samuel Boone-Lutz ("Boone-Lutz Decl.") and certain exhibits in support of the Motion.

On November 3, 2009, Plaintiffs filed a Supplemental Memorandum in support of the Motion. On November 17, 2009, the Court held a hearing on the Motion. For the reasons stated below, the Motion is GRANTED in part and DENIED in part.

**DISCUSSION**

A. <u>Factual and Procedural Background</u>

On January 25, 2005, the Department of Homeland Security ("DHS") and the Los Angeles County Board of Supervisors entered into a Memorandum of Understanding[1] ("MOU") allowing Los Angeles County Sheriff's Department ("LASD") personnel, known as "custody assistants," to engage in certain federal immigration enforcement activities. (Second Amended Complaint ("SAC") at ¶ 10; Answer at ¶ 10). Plaintiffs allege that the MOU granted authority to custody assistants to refer undocumented inmates in the Los Angeles County jail system to United States Immigration and Customs Enforcement ("ICE") for deportation. (SAC at ¶ 10). The MOU also required the establishment of a steering committee (the "MOU Steering Committee"), "to review and assess the immigration enforcement activities . . . conducted pursuant to th[e] MOU." (Boone-Lutz Decl., Exh. C at 7).

On or about April 26, 2007, Plaintiff Peter Guzman ("Guzman") was interrogated by a custody assistant employed by LASD regarding his immigration status. (SAC at ¶ 42; Answer at ¶ 27). According to

---

[1] The Memorandum of Understanding is attached as Exhibit C to the Boone-Lutz Declaration.

Plaintiffs, Guzman is a native-born United States citizen who is "cognitively impaired and suffers from a mental illness." (SAC at ¶¶ 5, 14). Notwithstanding his citizenship status, Guzman was categorized as a Deportable/Inadmissible Alien, an immigration hold was placed on him, and he was transferred into the physical custody of ICE. (Id. at ¶¶ 47-49; Answer at ¶ 32). On May 11, 2007, Guzman was placed on a bus bound for Tijuana, Mexico. (SAC at ¶ 60; Answer at ¶¶ 14, 38). Plaintiffs allege that Guzman was forced to disembark in Tijuana "with about three dollars in his possession and the clothes on his back" and that he was missing in Mexico for over eighty-five days. (SAC at ¶¶ 60-62). In August 2007, Guzman attempted to enter the United States near Calexico and was detained by border guards. (Id. at ¶ 82; Answer at ¶ 42). Guzman ultimately returned to Los Angeles.

Plaintiffs filed the instant action on February 27, 2008, under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971); 42 U.S.C. § 1983; the Federal Tort Claims Act; and the California Tort Claims Act. Plaintiffs assert that the United States and other Federal and County Defendants:

(1) illegally deported Guzman in violation of his Fifth Amendment right to due process (SAC at ¶ 92);

(2) discriminated against Guzman on the basis of his race and ethnicity in violation of his Fifth Amendment right to equal protection of the law (id. at ¶ 98);

//

(3) deprived Plaintiff Maria Carbajal ("Carbajal"), Guzman's mother, of the companionship and society of her son in violation of the First and Fifth Amendments (id. at ¶ 104);

(4) detained Guzman in violation of his Fourth Amendment right to be free from unreasonable seizures (id. at ¶ 111);

(5) falsely imprisoned Guzman (id. at ¶ 117);

(6) negligently performed their duties resulting in harm to Guzman (id. at ¶¶ 122-23); and

(7) intentionally inflicted emotional distress on Guzman. (Id. at ¶ 128).

### B. Plaintiff's Motion To Compel Further Responses And Production Of Documents Is Granted In Part And Denied In Part

On October 23, 2009, Plaintiffs brought the instant Motion to compel production of documents requested in Plaintiffs' First Set of Requests for Production to Defendant United States of America. The parties dispute the necessary scope of the Federal Defendants' search for documents in response to Requests for Production Numbers 1, 8, 11, and 14. Plaintiffs also assert that the United States' privilege log is deficient.

//
//
//

1  Under Federal Rule of Civil Procedure 26(b)(1), discovery is
2  permitted of "any matter, not privileged, that is relevant to the claim
3  or defense of any party." As a general matter, Federal Rule of Civil
4  Procedure 26(b) is to be "liberally interpreted to permit wide-ranging
5  discovery of information even though the information may not be
6  admissible at trial." U.S. ex rel. O'Connell v. Chapman University, 245
7  F.R.D. 646, 648 (C.D. Cal. 2007); see also Fed. R. Civ. P. 26(b)(1)
8  ("[r]elevant information need not be admissible at trial if the
9  discovery appears reasonably calculated to lead to the discovery of
10 admissible evidence."). "The party who resists discovery has the burden
11 to show discovery should not be allowed, and has the burden of
12 clarifying, explaining, and supporting its objections." O'Connell, 245
13 F.R.D. at 648 (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429
14 (9th Cir. 1975)).

    1.  Request for Production No. 1

18 This request seeks documents related to "policies and procedures
19 regarding LASD's performance of immigration enforcement activities,
20 including but not limited to activities contemplated or authorized by
21 the [MOU]." (Jt. Stip. at 3).

23 Plaintiffs propose limiting the request to documents created after
24 January 1, 2004 that are in the possession, custody, or control of ICE,
25 DHS, the United States Department of Justice ("DOJ"), the United States
26 Department of State ("DOS"); and the MOU Steering Committee. (Id. at
27 7). Plaintiffs argue that this request, so limited, is "reasonably
28 calculated to lead to the discovery of admissible evidence." Fed. R.

Civ. P. 26(b)(1). However, Plaintiffs fail to point to any facts in their Second Amended Complaint or any evidence developed thus far that would truly justify a search of DHS, DOJ, or DOS for evidence pertaining to <u>LASD's</u> role in the program.

Plaintiffs assert that the MOU expressly states that LASD personnel participating in the program must follow DHS policies and procedures. (Jt. Stip. at 11 (quoting MOU at 3)). Similarly, Plaintiffs argue that "[t]he MOU contemplates the use of DOJ policies with regard to its implementation." (<u>Id.</u>). Furthermore, Plaintiffs argue that both DOJ and DOS are "among the [f]ederal agencies likely to be involved in immigration enforcement activities" (<u>id.</u> at 11, 12); that, because the MOU Steering Committee is tasked with the review of immigration enforcement activities conducted pursuant to the MOU, "[d]ocuments related to LASD's performance of immigration activities in possession of [the] Steering Committee . . . are plainly relevant and [/]or reasonably calculated to lead to admissible evidence" (<u>id.</u>); and that the policies and procedures of other federal agencies regarding LASD's immigration enforcement are relevant to determining the standard of care that should have been exercised by the Federal Defendants. (<u>Id.</u> at 11). The Court finds that Plaintiffs' arguments only amount to remote speculation that documents responsive to this particular request will be found within federal agencies or departments other than ICE.

The United States objects that, because the only federal agency involved in the MOU is ICE, the request is overly broad and unduly

6

burdensome to the extent that it targets agencies other than ICE.[2] (See id. at 6-7). The United States has not searched any federal agency other than ICE in response to Request No. 1. Moreover, the United States has not searched the "MOU Steering Committee" because the committee was never formed, despite the fact that the MOU required formation of such a committee.

To the extent the United States argues that Plaintiffs are precluded from discovery from agencies other than ICE merely because ICE is the primary agency responsible for the program at issue, the Court rejects this general contention. The United States is a named defendant. Where an action involves an issue or policy that pervaded many different government agencies, and the United States is a party, a search of federal agencies that are likely to have responsive documents is appropriate. Trane Co. v. Klutznick, 87 F.R.D. 473, 476 (D. Wis. 1980) (allowing discovery from State and Treasury Departments, though neither was named party); see also Tri-State Hosp. Supply Corp. V. United States, 226 F.R.D. 118, 127 (D.D.C. 2005) (allowing discovery from various federal agencies even when those agencies' actions could not form the basis of relief under the FTCA because they were not named in an administrative complaint); United States v. AT&T, 461 F. Supp. 1314, 1330-33 (D.D.C. 1978) (allowing defendants discovery under Rule 34 from multiple federal agencies when plaintiff is the United States);

---

[2] To the extent the United States asserted the "law enforcement privilege" in response to any Request at issue in the Joint Stipulation, the Court finds that the United States did not properly assert the privilege. No declaration was offered in support of the law enforcement privilege. United States v. DeNardi Corp., 167 F.R.D. 680, 687 (S.D. Cal. 1996).

see also Harvey Aluminum (Inc.) v. NLRB, 335 F.2d 749, 753-55 (9th Cir. 1964) (allowing discovery from federal agencies other than the NLRB in an action under the Jencks Act).

Nevertheless, Plaintiffs cannot compel a search of a particular government agency or department without some showing that relevant evidence is likely to be found within that agency or department. Thus, the United States is not required to perform a search of random agencies or departments without some factual support for the belief that the particular agency or department possesses relevant evidence.

Plaintiffs have not provided sufficient grounds to demonstrate that DHS agencies other than ICE would be likely to have documents relating to policies and procedures regarding the LASD's performance of immigration enforcement activities. Nor has it identified a sufficient factual basis to conclude that DOJ or DOS would be likely to have relevant documents.[3]

---

[3] Although the United States asserted an objection to Request No. 1 on burdensomeness grounds, the United States has not satisfied the standard for this objection. It is well-established that the burden is on the objecting party to show grounds for failing to provide the requested discovery. See, e.g., Sherman Park Cmty. Ass'n v. Wauwatosa Realty, 486 F. Supp. 838, 845 (E.D. Wis. 1980); Smith v. B&O R.R. Co., 473 F. Supp. 572, 585 (D. Md. 1979); Laufman v. Oakley Bldg. & Loan Co., 72 F.R.D. 116, 121 (S.D. Ohio 1976). The United States cannot simply invoke generalized objections to avoid discovery. Rather, with respect to Plaintiffs' discovery requests, the United States

> must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.

The Motion is GRANTED to the extent it seeks to compel the United States to search the various components of ICE that may have responsive documents. The United States is therefore ORDERED to search and to produce non-privileged documents in the possession, custody, or control of ICE that respond to Request No. 1, including the following departments: the Office of Investigations; the Office of State and Local Coordination; the Office of Detention and Removal Operations; and the Office of Training and Development. All such documents identified will be produced within fourteen (14) days of the date of this Order. Failure to meet this deadline may result in sanctions. The Motion is DENIED to the extent that Request for Production No. 1 seeks an order compelling the United States to search agencies other than ICE.

2.  Request for Production No. 8:

As narrowed by Plaintiffs' proposed limitations, this request asks for documents related to "policies and procedures regarding reviewing local law enforcement and/or ICE records when determining a detainee's immigration status, when interrogating a detainee prior to deporting a detainee from the United States" that were created after January 1, 2004

---

Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296 (E.D. Pa. 1980) (citations omitted); Wirtz v. Capitol Air Serv., Inc., 42 F.R.D. 641, 643 (D. Kan. 1967). The United States' vague objections of burdensomeness are insufficient. See Kansas-Nebraska Natural Gas v. Marathon Oil Co., 109 F.R.D. 12, 24 (D. Neb. 1983) (party objecting to production requests must specify why the requests are objectionable); Roesberg, 85 F.R.D. at 296-97. For a burdensomeness argument to be sufficiently specific to prevail, it must be based on affidavits or other evidence showing the exact nature of the burden. Roesberg, 85 F.R.D. at 296-97. The United States failed to offer any declaration or affidavit in support of its burdensomeness claim.

and are in the possession, custody, or control of ICE, DHS, DOJ, DOS, or the MOU Steering Committee. (See Jt. Stip. at 7, 14-15).

Plaintiffs support their Motion with the same arguments asserted in connection with Request for Production No. 1. (See id. at 16). The United States objects that no federal agency other than ICE is involved in the LASD's immigration enforcement activities or was involved in Guzman's removal specifically. The United States argues that the request is overly broad and burdensome to the extent that Plaintiffs seek policies and procedures of other agencies. (See id. at 16-17).

At the hearing, Plaintiffs asserted that they believe that United States Customs and Border Patrol ("CBP") interrogated Guzman regarding his immigration status when he attempted to cross the border back into the United States near Calexico. The United States admitted that interrogation as to immigration status is performed by CBP. Thus, there is a sufficient factual basis to believe that CBP is reasonably likely to have documents regarding the reviewing of records when determining a detainee's immigration status. However, Plaintiffs have not explained why any other DHS agencies/components other than ICE and CBP are reasonably likely to have such documents or why a search of such agencies/components would be reasonably likely to lead to the discovery of admissible evidence. Similarly, Plaintiffs have failed to set forth any facts that would lead the Court to believe that DOJ or DOS would possess responsive documents. Based on the information before the Court, it appears that ICE and CBP are the entities responsible for determining an individual's immigration status prior to deportation.

1  The United States is therefore ORDERED to produce responsive, non-privileged documents in the possession, custody, or control of the following agencies or components within DHS: ICE and CBP.  All such documents identified will be produced within fourteen (14) days of the date of this Order.  Failure to meet this deadline may result in sanctions. Accordingly, the Motion is GRANTED in part as to Request for Production No. 8, and DENIED to the extent that it requests production of documents from DOJ, DOS, the MOU Steering Committee, or any agency within DHS other than ICE and CBP.

3.   Request for Production No. 11:

As narrowed by Plaintiffs' proposed limitations, this request seeks all documents related to "policies and procedures regarding interrogation of detainees in [the] custody [of the United States]" that were created after January 1, 2004 and are in the possession, custody, or control of ICE, DHS, DOJ, DOS, or the MOU Steering Committee.  (See Jt. Stip. at 5, 17, 18).

Plaintiffs support their request with the same arguments asserted with respect to Request for Production No. 1.  (Id. at 19).  The United States interposes the same objections it raised to Request for Production Nos. 1 and 8.  (Id. at 20).

Even as narrowed by the proposed limitations set forth in the Joint Stipulation, this request would collect far too many documents that are not relevant to the interrogation at issue here.  Furthermore, Plaintiffs conceded at the hearing that they are interested primarily in

documents regarding interrogation of detainees like Guzman. However, Plaintiffs have established that the CBP may have documents that bear on the interrogation of detainees like Guzman, for the reasons outlined above.

The United States is therefore ORDERED to produce responsive, non-privileged documents in the possession, custody, or control of the following agencies within DHS: ICE and CBP. All such documents identified will be produced within fourteen (14) days of the date of this Order. Failure to meet this deadline may result in sanctions. Accordingly, the Motion is GRANTED in part as to Request for Production No. 11, and DENIED to the extent that it requests production of documents from DOJ, DOS, the MOU Steering Committee, or any component or agency within DHS other than ICE and CBP.

### 4. Request for Production No. 14

As narrowed by Plaintiffs' proposed limitations, this request seeks all documents related to "policies and procedures regarding identifying and providing medical treatment to detainees in [the] custody of [the United States] with mental illnesses and/or cognitive impairments" that were created after January 1, 2004 and are in the possession, custody, or control of DHS, ICE, DOJ, DOS, or the MOU Steering Committee. (See Jt. Stip. at 5, 20, 21). Plaintiffs support their request with the same arguments asserted with respect to Request for Production No. 1. (Id. at 22). The United States interposes the same objections it raised to Requests for Production Nos. 1 and 8. (Id. at 23).

At the hearing, the United States conceded that CBP has facilities to hold detainees temporarily. It also conceded that detainees are occasionally housed by the Bureau of Prisons, an agency of the Department of Justice. Accordingly, a search of ICE, CPB and the Bureau of Prisons is reasonably likely to lead to the discovery of documents responsive to this particular request.

The United States is therefore ORDERED to produce responsive, non-privileged documents in the possession, custody, or control of ICE, CBP, and the Bureau of Prisons. All such documents identified will be produced within fourteen (14) days of the date of this Order. Failure to meet this deadline may result in sanctions. Accordingly, the Motion is GRANTED in part as to Request No. 14, and DENIED to the extent that it requests production of documents from DOS; the MOU Steering Committee; and any agency other than ICE, CBP and the Bureau of Prisons.

### 5. Request for Production No. 24:

As limited by Plaintiffs' proposed limitations, this request seeks all documents related to Guzman that are in the possession, custody, or control of DHS, ICE, DOS, the MOU Steering Committee or in the possession of twenty-eight specific custodians identified by Plaintiffs.[4]

---

[4] These custodians are Pilar Garcia, Jorge Field, Dennis Sanchez, Leonard DeSanti, Andrew McConahay, Alex M. Melendez, Antonio C. Sanchez, Bradley L. Douglas, Brian DeMore, Norma Bonales-Garibay, Eric G. Saldana, Roberto V. Amerndariz, Kenneth Cox, Michael Wallace, Vincent E. Archibeque, Todd M. Lyons, Gregory P. Meinhardt, Marc J. Moore, Virginia C. Kice, James M. Pilkington, Kelly A. Nantel, Lori K. Haley, Sean C. Jordan, Deborah Achim, Timothy S. Robbins, Julian Calderas Jr., Ramona S. Lucas, and Mark Leoni. (Jt. Stip. at 25 n.8).

13

(Jt. Stip. at 5, 23, 25). The United States has agreed to produce documents in the possession, custody, or control of ICE or CBP.

Plaintiffs argue that documents already produced indicate that employees of DHS outside of ICE and CBP were involved in the investigation of Guzman's removal. (Id. at 26). They further assert that based on documents produced in an earlier case in this District, Guzman v. Chertoff, No. CV 07-3746 GHK (SS), it appears that DOS was involved in attempting to locate Guzman after his May 2007 removal.

At the hearing, the United States asserted that it objected to producing documents created after May 11, 2007-the date of Guzman's removal-arguing that such documents are irrelevant.

The Court rejects the United States' relevancy objection regarding post-removal documents. Such documents may be relevant to the issue of Plaintiffs' damages because, if the United States unreasonably delayed Guzman's recovery, his injuries were increased. Moreover, these documents might contain admissions on the part of the United States or its employees that are relevant to the liability issues.

Plaintiffs have demonstrated that discovery from ICE, CBP, DOS and the twenty-eight identified custodians is reasonably calculated to lead to the discovery of admissible evidence. However, they have not shown that broader discovery from DHS is likely to produce documents relevant to their claims. The United States is ORDERED to produce all responsive, non-privileged documents in the possession of ICE, CBP, DOS and the following federal employees: Pilar Garcia, Jorge Field, Dennis

14

1  Sanchez, Leonard DeSanti, Andrew McConahay, Alex M. Melendez, Antonio C.
2  Sanchez, Bradley L. Douglas, Brian DeMore, Norma Bonales-Garibay, Eric
3  G. Saldana, Roberto V. Amerndariz, Kenneth Cox, Michael Wallace, Vincent
4  E. Archibeque, Todd M. Lyons, Gregory P. Meinhardt, Marc J. Moore,
5  Virginia C. Kice, James M. Pilkington, Kelly A. Nantel, Lori K. Haley,
6  Sean C. Jordan, Deborah Achim, Timothy S. Robbins, Julian Calderas Jr.,
7  Ramona S. Lucas, and Mark Leoni. All such documents identified will be
8  produced within fourteen (14) days of the date of this Order. Failure
9  to meet this deadline may result in sanctions. Accordingly, the Motion
10 is GRANTED in part as to Request for Production No. 24, and DENIED to
11 the extent that it requests production of documents from the MOU
12 Steering Committee or from federal agencies or employees outside of ICE,
13 CBP, DOS or other than the twenty-eight identified custodians.

         5.   Privilege Log

17     The United States has refused to update its existing privilege log
18 to reflect documents created after May 11, 2007, the date of Guzman's
19 removal. (Id. at 28, 30). Plaintiff moves to compel the United States
20 to log those documents withheld on the basis of privilege that were
21 created after Guzman's removal but before the date of the filing of this
22 action, February 27, 2008. (Id. at 29-30).

24     At the hearing, the United States argued that such documents are
25 irrelevant. It further argues that the request is unreasonable, arguing
26 that Plaintiffs have refused to log documents created after the filing
27 of this action. (Id. at 30). Because a previous, now-dismissed, action
28 was filed on behalf of Guzman soon after his removal, the United States

argues it should be relieved of the burden of logging privileged documents created after Guzman's removal.[5] (Id. at 30-31).

The United States' position is inconsistent with its obligations under Federal Rules of Civil Procedure, which require a party to "describe the nature of the documents" withheld on the basis of privilege "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). However, the rule "does not require the production of a document-by-document privilege log. In fact, when the legislature enacted [Rule 26(b)(5)], it expressly recognized that there are circumstances in which a document-by-document privilege log would be unduly burdensome and inappropriate." In re Imperial Corp. of America, 174 F.R.D. 475, 479 (S.D. Cal. 1997). Thus, courts have "discretion to permit less detailed disclosure in appropriate cases." S.E.C. v. Thrasher, 1996 WL 125661, at *1 (S.D.N.Y. Mar. 20, 1996); see also In re Imperial Corp. of America, 174 F.R.D. at 479. Here, the Court finds that logging documents that were communications between counsel and client, created as a result of the prior litigation, is unnecessary. However, if other privileged documents were created after May 11, 2007, the United States should list such documents on its privilege log.

Accordingly, the United States is ORDERED to update its privilege log for the period between May 11, 2007 and February 27, 2008. However, the United States need not log direct, individual communications between

---

[5] Guzman v. Chertoff, No. 07-cv-03746 GHK (SS), was filed in the District Court for the Central District of California on June 6, 2007 and dismissed on August 23, 2007.

the United States Attorney's Office for the Central District of California and employees/witnesses or between counsel for ICE and employees/witnesses, that were created as part of the prior litigation or that were created as part of the current litigation or work product that was created as a result of either litigation. Any other privileged documents should be included on the log, even if created after May 11, 2007. If no additional privileged documents exist, counsel for the United States must inform Plaintiffs' counsel in writing. Accordingly, the Motion is GRANTED in part as to the privilege log.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Compel Responses and the Production of Documents is GRANTED in part and DENIED in part. The United States shall provide supplemental written responses, as necessary, and additional documents responsive to certain requests consistent with the deadlines above.

IT IS SO ORDERED.

DATED: December 2, 2009

*/s/ Suzanne H. Segal*

SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE