JAMES J. BROSNAHAN (CA SBN 34555)
JBrosnahan@mofo.com
SOMNATH RAJ CHATTERJEE (CA SBN 177019)
SChatterjee@mofo.com
SAMUEL J. BOONE LUNIER (CA SBN 252732)
SLunier@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

MARK ROSENBAUM (CA SBN 59940)
mrosenbaum@aclu-sc.org
ACLU FOUNDATION OF
   SOUTHERN CALIFORNIA

Attorneys for Plaintiffs
PETER GUZMAN and MARIA CARBAJAL

[Additional counsel appear on following page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER GUZMAN AND MARIA CARBAJAL,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA; JAMES T. HAYES, Field Office Director, U.S. Immigration and Customs Enforcement; PILAR GARCIA, Agent, U.S. Immigration and Customs Enforcement; COUNTY OF LOS ANGELES; LEROY BACA, Sheriff of the County of Los Angeles; TIMOTHY CORNELL, Captain of Los Angeles County Inmate Reception Center; SANDRA FIGUERAS, Custodial Assistant, Los Angeles County Sheriff's Department; DOE ICE AGENTS 1–10; and DOE LASD OFFICERS 1–10,<br><br>　　　　　　　　Defendants. | Case No.   CV08-01327 GHK (SSx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO APPROVE THE ESTABLISHMENT OF THE GUZMAN CARBAJAL QUALIFIED SETTLEMENT FUND**<br><br>Date:　　June 7, 2010<br>Time:　　9:30 a.m.<br>Judge:　　Hon. George H. King<br>Place:　　Courtroom 650<br><br>Action Filed:　　February 27, 2008<br>Trial Date:　　None set |

AHILAN T. ARULANANTHAM (CA SBN 237841)
aarulanantham@aclu-sc.org
ACLU FOUNDATION OF
  SOUTHERN CALIFORNIA
1313 West Eighth St.
Los Angeles, CA 90017
Telephone: 213.977.9500, x224
Facsimile: 213.977.5297

Plaintiffs Peter Guzman and Maria Carbajal, by and through their counsel, seek the Court's approval to designate the portion of Morrison & Foerster Client Trust Account that receives the settlement proceeds described below as the Guzman Carbajal Qualified Settlement Fund.

## I.     THE PROPOSED QUALIFIED SETTLEMENT FUND

The parties have entered into a settlement agreement to resolve this dispute. Defendants have agreed to pay to Morrison Foerster Client Trust Account the sum of Three Hundred Fifty Thousand Dollars ($350,000.00) in full settlement and discharge of all of the claims against the Defendants that are the subject of this lawsuit. Plaintiffs seek this Court's approval to designate the portion of Morrison & Foerster Client Trust Account that receives the settlement proceeds described below as the Guzman Carbajal Qualified Settlement Fund, as required by Treas. Reg. Section 1.468B-1. The Guzman Carbajal Qualified Settlement Fund will be governed by the Terms of the Guzman Carbajal Qualified Settlement Fund attached to this Memorandum as **Exhibit 1**.

The Guzman Carbajal Qualified Settlement Fund will receive the sum of Three Hundred Fifty Thousand Dollars ($350,000.00) from the Defendants and hold that sum until the Administrator of the Guzman Carbajal Qualified Settlement Fund and Peter Guzman and Maria Carbajal have reached agreement as to how that sum is to be disbursed for settlement amounts (either as lump sums or as periodic future payments), costs and liens, subject to further approvals of this Court, if required.

The Guzman Carbajal Qualified Settlement Fund will be administered by Somnath Raj Chatterjee of Morrison & Foerster, 425 Market Street. San Francisco, California 94105-2482 (telephone: 415.268.7000; facsimile: 415.268.7522). The Guzman Carbajal Qualified Settlement Fund and its Administrator will remain subject to the continuing jurisdiction of this Court until the Guzman Carbajal Qualified Settlement Fund terminates by its terms.

MPA I/S/O PLS.' MOT. TO APPROVE THE ESTABLISHMENT OF THE GUZMAN CARBAJAL QUALIFIED SETTLEMENT FUND
CASE NO. CV08-01327 GHK (SSX)
sf-2803723

1

## II. ESTABLISHMENT OF A QUALIFIED SETTLEMENT FUND IS APPROPRIATE

Approval by the Court of the establishment of the Guzman Carbajal Qualified Settlement Fund is appropriate. It best serves the interests of Plaintiffs Peter Guzman and Maria Carbajal by assuring that they receive the full benefit of the $350,000.00 settlement agreed to by Defendants. Mr. Guzman was wrongfully deported by Defendants and continues to suffer a number of psychological and emotional injuries as a result. Mr. Guzman currently receives medical and psychological care for these injuries and that care is paid for by a combination of Medi-Cal and Supplemental Security Income ("SSI"). Disruption of this care could injure Mr. Guzman. Use of a qualified settlement fund to hold the settlement proceeds until Plaintiffs decide what to do with them will ensure that Mr. Guzman's Medi-Cal and SSI benefits, as well as his treatment, continue during the time Plaintiffs are considering their options.

Plaintiffs have discussed the use of a qualified settlement fund to resolve this action with Defendants and Magistrate Judge Segal in status conferences held on March 15, 2010, and April 5, 2010.

## III. THE PROPOSED QUALIFIED SETTLEMENT FUND SATISFIES THE RELEVANT TREASURY REGULATIONS

In 1992, the Internal Revenue Service published rules permitting the creation of a taxable entity known as a qualified settlement fund to resolve lawsuits arising out of a tort, breach of contract, or violation of law. *See* Treas. Reg. § 1.468B-1 (26 C.F.R. § 1.468B-1) (1992). Qualified settlement funds allow defendants to extinguish their liability by paying into the fund, leaving plaintiffs to work out how to distribute the fund itself. While the settlement proceeds are held in the qualified settlement fund, they are not counted as income or resources for the purposes of determining Medi-Cal or SSI eligibility.

MPA I/S/O PLS.' MOT. TO APPROVE THE ESTABLISHMENT OF THE GUZMAN CARBAJAL QUALIFIED SETTLEMENT FUND
CASE NO. CV08-01327 GHK (SSx)
sf-2803723

2

Under Treasury Regulation Section 1.468B-1, a fund, account, or trust will be treated as a qualified settlement fund if:

> (1) It is established pursuant to an order of . . . a court of law . . . and is subject to the continuing jurisdiction of that governmental authority;
>
> (2) It is established to resolve or satisfy one or more . . . claim[s] asserting liability . . . [a]rising out of a tort, breach of contract, or violation of law; . . . ; and
>
> (3) The fund, account, or trust is a trust under applicable state law, or its assets are otherwise segregated from other assets of the transferor (and related persons).

Treas. Reg. § 1.468B-1(c); *see also United States v. Brown*, 348 F.3d 1200, 1208-15 (10th Cir. 2003) (discussing requirements of Section 1.468B-1).  United States District Courts routinely approve and exercise jurisdiction over qualified settlement funds.  *See, e.g.*, *Jaffe v. Morgan Stanley & Co.*, No. C 06-3903, 2008 U.S. Dist. LEXIS 12208, *98 (N.D. Cal. Feb. 7, 2008) (designating bank account to contain settlement proceeds as a qualified settlement fund); *see also In re Asarco LLC*, No. 09-CV-177, 2009 U.S. Dist. LEXIS 121615, *138 (S.D. Tex. Nov. 13, 2009) (trust created and designated as qualified settlement fund); *In re Publ'n Paper Antitrust Litig.*, No. 3:04-MD-1631, 2009 U.S. Dist. LEXIS 66654, *21 (D. Conn. July 30, 2009) (escrow account established by parties approved as qualified settlement fund); *SEC v. Behrens*, No. 8:08CV13, 2008 U.S. Dist. LEXIS 61493, *10 (D. Neb. July 28, 2008) (disgorgement fund to be maintained as a qualified settlement fund).

Designation of the portion of the Morrison & Foerster Client Trust Account that receives the settlement proceeds described above as the Guzman Carbajal Qualified Settlement Fund will satisfy the three requirements of Treasury Regulation Section 1.468B-1(c) by: (a) being designated pursuant to the approval of this Court, (b) resolving and satisfying one or more tort claims against the

Defendants,[1] and (c) constituting a segregated account, all as required by those regulations.

### IV. CONCLUSION

For the above reasons, Plaintiffs request that the Court approve the establishment of the Guzman Carbajal Qualified Settlement Fund attached hereto as Exhibit 1.

Dated: May 4, 2010

JAMES J. BROSNAHAN
SOMNATH RAJ CHATTERJEE
SAMUEL J. BOONE LUNIER
MORRISON & FOERSTER LLP

By: /s/ Samuel J. Boone Lunier
Samuel J. Boone Lunier

Attorneys for Plaintiffs Peter Guzman and Maria Carbajal

---

[1] Plaintiffs have alleged tort claims in this action, including claims for negligence, false imprisonment, intentional infliction of emotional distress, as well as several Constitutional torts, all of which are being resolved via the Stipulation for Compromise.

MPA I/S/O PLS.' MOT. TO APPROVE THE ESTABLISHMENT OF THE GUZMAN CARBAJAL QUALIFIED SETTLEMENT FUND
CASE NO. CV08-01327 GHK (SSx)
sf-2803723

4