# Exhibit 1

1  JAMES J. BROSNAHAN (CA SBN 34555)
   JBrosnahan@mofo.com
2  SOMNATH RAJ CHATTERJEE (CA SBN 177019)
   SChatterjee@mofo.com
3  SAMUEL J. BOONE LUNIER (CA SBN 252732)
   SLunier@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California  94105-2482
   Telephone: 415.268.7000
6  Facsimile: 415.268.7522

7  MARK ROSENBAUM (CA SBN 59940)
   mrosenbaum@aclu-sc.org
8  ACLU FOUNDATION OF
      SOUTHERN CALIFORNIA
9
   Attorneys for Plaintiffs
10 PETER GUZMAN and MARIA CARBAJAL

11 [Additional counsel appear on following page.]

12            UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15  PETER GUZMAN AND MARIA CARBAJAL, | Case No.   CV08-01327 GHK (SSx) |
| 16                   Plaintiffs, | **STATEMENT OF TERMS OF THE GUZMAN CARBAJAL QUALIFIED SETTLEMENT FUND** |
| 17     v. | |
| 18  UNITED STATES OF AMERICA; JAMES T. HAYES, Field Office Director, U.S. Immigration and Customs Enforcement; PILAR GARCIA, Agent, U.S. Immigration and Customs Enforcement; COUNTY OF LOS ANGELES; LEROY BACA, Sheriff of the County of Los Angeles; TIMOTHY CORNELL, Captain of Los Angeles County Inmate Reception Center; SANDRA FIGUERAS, Custodial Assistant, Los Angeles County Sheriff's Department; DOE ICE AGENTS 1–10; and DOE LASD OFFICERS 1–10, | Date:   June 7, 2010<br>Time:   9:30 a.m.<br>Judge:  Hon. George H. King<br>Place:  Courtroom 650<br><br>Action Filed: February 27, 2008<br>Trial Date:   None Set |
| 26                    Defendants. | |

AHILAN T. ARULANANTHAM (CA SBN 237841)
aarulanantham@aclu-sc.org
ACLU FOUNDATION OF
  SOUTHERN CALIFORNIA
1313 West Eighth St.
Los Angeles, CA 90017
Telephone: 213.977.9500, x224
Facsimile: 213.977.5297

These Terms of the Guzman Carbajal Qualified Settlement Fund, when ordered by the Court in this action (the "Order"), shall govern the operation of the Guzman Carbajal Qualified Settlement Fund.

### A. PAYMENTS TO THE GUZMAN CARBAJAL QUALIFIED SETTLEMENT FUND

1. *Qualified Payments.* In accordance with the Order re Stipulation for Compromise Settlement, Defendants shall pay the sum of Three Hundred Fifty Thousand Dollars ($350,000.00) to the Morrison & Foerster Client Trust Account. That portion of the Morrison & Foerster Client Trust Account that receives the payment has been designated by this Court as the Guzman Carbajal Qualified Settlement Fund.

### B. THE GUZMAN CARBAJAL QUALIFIED SETTLEMENT FUND ACCOUNT

1. *Financial Institution.* Upon receipt of a payment set forth in paragraph A.1. above, the Administrator of the Guzman Carbajal Qualified Settlement Fund shall deposit that payment in the Morrison & Foerster Client Trust Account. The Administrator shall hold that payment, and the earnings thereon, until the Guzman Carbajal Qualified Settlement Fund has been fully distributed in accordance with section C. below.

2. *Interest.* The Guzman Carbajal Qualified Settlement Fund shall not be held in an interest-bearing account.

### C. DISTRIBUTIONS FROM THE GUZMAN CARBAJAL QUALIFIED SETTLEMENT FUND

1. *Who can receive distributions.* The Administrator shall make distributions from the Guzman Carbajal Qualified Settlement Fund solely to the following payees and to no others: (i) plaintiffs, or their legal representatives, or their trusts, in resolution and satisfaction of their claims against the Guzman Carbajal Qualified Settlement Fund, (ii) vendors to a plaintiff of a principal

STATEMENT OF TERMS OF THE GUZMAN CARBAJAL SETTLEMENT FUND
CASE NO. CV08-01327 GHK (SSx)
sf-2799106

1

residence or an automobile used for personal transportation (iii) the holders of liens on the payments due to plaintiffs or to their legal representatives, (iv) attorneys for the plaintiffs and their legal representatives for attorneys fees, costs and expenses, (v) annuity issuers and assignees that provide periodic-payments to the payees in subsection (i), whether or not with respect to claims described in sections 104(a)(2) or 130 of Title 26 of the United States Code, as amended, and (vi) the federal and state tax authorities to whom tax is due from the Guzman Carbajal Qualified Settlement Fund. The Administrator of the Guzman Carbajal Qualified Settlement Fund shall not make any distribution to any person that would reduce or eliminate the eligibility of the plaintiffs for either Supplemental Security Income or Medi-Cal.

2. *How distributions can be made.* Distributions described in subsections C.1. (i) through (iv), inclusive, *supra,* from the Guzman Carbajal Qualified Settlement Fund shall be made pursuant to either (i) a Settlement Agreement and Release between or among the Guzman Carbajal Qualified Settlement Fund and all claimants to the assets of the fund, or (ii) an order of the Court authorizing such distributions.

**D.   TERMINATION OF THE GUZMAN CARBAJAL QUALIFIED SETTLEMENT FUND**

1. *Termination of the Guzman Carbajal Qualified Settlement Fund.* The Guzman Carbajal Qualified Settlement Fund shall terminate upon order of the Court or at such time as no funds remain in the Fund, if earlier. Upon termination, the Administrator shall prepare and file the final income tax returns for the Guzman Carbajal Qualified Settlement Fund, pay any tax resulting therefrom, pay the final administrative expenses and costs of the Guzman Carbajal Qualified Settlement Fund, and close the account described in Section B *supra.*

### E. ADMINISTRATOR.

1. *Administrator.* The Administrator of the Guzman Carbajal Qualified Settlement Fund is Somnath Raj Chatterjee of Morrison & Foerster, LLP, 425 Market Street, San Francisco, California 94105-2482 (telephone 415-268-7000; facsimile 415-268-7522).

2. *Authority.* The Administrator shall obtain the taxpayer identification number for the Guzman Carbajal Qualified Settlement Fund, shall prepare and file all income tax returns and information reports required under the Internal Revenue Code of 1986, as amended, and applicable state income tax laws, and shall maintain all financial records for the Guzman Carbajal Qualified Settlement Fund. The Administrator shall operate the Guzman Carbajal Qualified Settlement Fund at all times in a manner consistent with the regulations under section 468B of the Internal Revenue Code of 1986, as amended. The Administrator is authorized to execute all documents necessary to carry out the terms of the Guzman Carbajal Qualified Settlement Fund.

3. *Compensation.* The Administrator shall not be compensated. Any successor Administrator shall receive payment for its services in accordance with the successor Administrator's schedule of rates in effect at the time such compensation becomes payable. All such compensation may be paid without court approval.

4. *Vacancy.* The Administrator may resign by written notice delivered to the Court with continuing jurisdiction over the Guzman Carbajal Qualified Settlement Fund. The Court shall have the power to appoint a successor Administrator. In default of such appointment, the Administrator shall have the power to appoint a corporate Administrator. Any successor Administrator shall have the same powers, authorities and discretions as though originally named as the Administrator. All of the Administrator's fees and expenses (including reasonable

attorneys' fees) attributable to the appointment of a successor Administrator shall be paid by the Guzman Carbajal Qualified Settlement Fund.

5. *Acceptance of Appointment by Successor Administrators.* Acceptance of appointment as a successor Administrator shall be in writing and shall become effective upon receipt by the Court of notice of such acceptance. Upon the acceptance of appointment of any successor Administrator, title to the Guzman Carbajal Qualified Settlement Fund assets shall thereupon be vested in said successor Administrator, jointly with the remaining Administrators, if any, without the necessity of any conveyance or instrument.

6. *Indemnity.* Each Administrator, whether initially named or appointed as a successor Administrator, acts as an Administrator only and not personally. In respect of any contract, obligation or liability made or incurred by the Administrators, or any of them hereunder in good faith, all persons shall look solely to the Guzman Carbajal Qualified Settlement Fund and not to the Administrators personally. The Administrator initially named, or appointed as successor Administrator by a court, shall be indemnified and held harmless by the Guzman Carbajal Qualified Settlement Fund with respect to all expenses reasonably incurred by such Administrator in defense of the aforementioned contracts, obligations or liabilities of the Administrators.

F. **MISCELLANEOUS**

1. *Governing law.* California law shall govern the Guzman Carbajal Qualified Settlement Fund. The regulations accompanying section 468B of the Title 26 of the United States Code, as amended, Internal Revenue Code of 1986, as amended, shall be used in interpreting the Guzman Carbajal Qualified Settlement Fund in a manner to accomplish the intent of the parties that the Guzman Carbajal Qualified Settlement Fund be characterized as a qualified settlement fund under those regulations.

2. *Number, headings.* Words in the singular include the plural, words in the plural include the singular and the masculine, neuter genders shall be deemed to include the masculine, feminine, and neuter, as the context indicates. The description heading for each section and subsection of this Agreement shall not affect the interpretation or the legal efficacy of this Agreement.

3. *Alterations, Amendments and Revocation.* The Guzman Carbajal Qualified Settlement Fund may be altered, amended or revoked from time to time by an instrument in writing executed by the Administrator and ordered by the Court.

4. *Bond.* No bond or other security shall be required of the Administrator or by any successor Administrator.

DATED: May 4, 2010

ADMINISTRATOR: *[signature]*
Somnath Raj Chatterjee